HERGET, Judge.
Plaintiff, Gilbert Whitfield, prosecutes this appeal from a judgment of the Trial Court rejecting his demands and dismissing his suit for personal injuries against Joe W. Sanders and his insurer, The Travelers Insurance Company. [N.B. On the typewritten petition there is appended on page 1 in penned inscription the notation: “The defendant is not Judge Joe W. Sanders who resides at 1784 Ingleside Drive, Baton Rouge. See letter attached of attorney in record dated Aug. 17, 1962.” A notation of similar wording is thus inscribed on pages 2, 3 and 4 of the petition. We are unaware of the identity of the inscriber, nonetheless there appears in the record a letter of date August 17, 1961 signed by Mr. Wallace A. Hunter of the law firm of Durrett, Hardin, Hunter, Dameron and Fritchie, wherein counsel says: “ * * * The defendant is not Joe W. Sanders, married to Mrs. Marie *354 S. Sanders, who resides at 1784 Ingleside Drive, Baton Rouge, Louisiana.”, thereby-making evident the defendant with whom we are concerned is not the Honorable Justice of the Supreme Court of Louisiana, Joe W. Sanders.]
This suit involves an automobile collision which occurred on July 29, 1959 near the intersection of Scenic Highway and Harding Field Boulevard in Baton Rouge, Louisiana. Scenic Highway is composed of two northbound and two southbound traffic lanes which are separated by a neutral ground. At the intersection where this accident occurred the neutral ground narrowed to allow an additional traffic lane for motorists making left turns, but this extra lane is controlled by the same light facing motorists proceeding northerly and southerly on Scenic Highway. Plaintiff, driving his automobile south on Scenic Highway, entered the extra lane and was attempting to make a U-turn by proceeding into the northbound lanes of Scenic Highway to go to a store at the northeast corner of Scenic Highway and Harding Field Boulevard intersection. Admittedly, Plaintiff was making this maneuver on a red light. Upon making the turn, it appears Plaintiff took advantage of the pause in the exceedingly heavy traffic and made his turn against the light. In doing so, from the evidence, he never observed Defendant’s approaching vehicle prior to the collision. Sanders approached and entered the intersection from the south and collided with Plaintiff’s vehicle in the center of the northbound lanes of traffic on Scenic Highway. The evidence reveals Plaintiff’s right fender was struck by the left front fender of Defendant’s vehicle. While conceding he was in the act of making a U-turn, Plaintiff contends he anticipated motorists on Scenic Highway would observe traffic signals and allow his left turn across the path of northbound motorists, and he was adamant in his belief, if in any way he was negligent, Defendant had the last clear chance to avoid the collision.
The defense is: Plaintiff was negligent in making the U-turn in the face of oncoming traffic and a denial of any negligence on the part of Defendant inasmuch as the traffic light was green as Defendant approached the intersection thereby permitting his continued progress across.
Without giving credence to the testimony of Plaintiff’s witnesses, old friends who were standing across the street in front of the store, Plaintiff, by his own testimony, makes evident the fact this collision resulted from his own negligence. Though in the application of rules pertaining to safe driving the courts permit a reasonable amount of leeway and understanding of the actions of motorists where there is extremely heavy traffic making ordinary movement in obedience to traffic lights most inconvenient, if not impossible, all of the cases presuppose motorists to have been maintaining extreme caution in the operation of their vehicles and observance of oncoming traffic. In the instance we have before us, it appears Plaintiff, when in a position to do so, never observed, as he was required to do, Defendant approaching and had he looked such would have been apparent. Accordingly, there is little question but that because of such negligence same is a proximate cause of the resulting collision.
As to the negligence of Defendant in allegedly running through the red light, the only testimony in regard thereto is that of Plaintiff who admittedly never saw Defendant prior to the collision. Defendant, on the other hand, maintains the light had turned green as he approached the intersection and he proceeded through. Nonetheless, assuming arguendo Defendant had entered the intersection in defiance of the light, this does not place him in the position of being afforded the last clear chance to avoid the accident. The evidence reflects Defendant immediately made application of the brakes on his vehicle in the center of the intersection upon observing Plaintiff pull out into the street. He left *355 40 feet of skidmarks making evident Defendant had no opportunity, exercising normal care, to avoid the collision. The evidence reflects Plaintiff negligently entered the intersection blocking the path of Defendant’s vehicle at a time and under such circumstances Defendant was without any means of avoiding the collision. Plaintiff additionally contends Defendant should have swerved to his right into the outside lane of northbound traffic and thereby avoided the collision. We note if in fact that lane were clear of traffic at the time, such maneuver would have avoided the accident, but where an emergency is presented, one is not called upon to exercise the normal degree of reaction, and the failure of a motorist to resort to a device which may have resulted in avoiding the accident under such conditions cannot be categorized as being culpable. The last clear chance doctrine is inapplicable unless the failure of the party against whom such act is pled fails to produce evidence his actions were such as to demonstrate his opportunity to avoid the collision. Maryland Casualty Company v. Allstate Insurance Company, La.App., 96 So.2d 340.
Affirmed.