MILLER, Judge.
The City of Abbeville seeks property damages from Continental Insurance Company, insurer of Annie B. Simms, arising out of an intersectional collision which occurred at the intersection of Charity Street and Lyman Street in the City of Abbeville on July 29, 1967. This intersection was controlled by a blinking signal showing red to Lyman Street and yellow to Charity Street. Damages were stipulated to be $1712.17.
Although defendant did not admit negligence on the part of Mrs. Annie B. Simms, this was not seriously contested. The principal assignment of error on appeal concerns the trial court’s failure to find contributory negligence on the part of City Police Officer Parrish Gene Marcotte, driver of the patrol unit involved in the collision.
The accident occurred at about 11:30 p. m. on a night of clear, dry weather. Charity Street is one of the main thoroughfares of Abbeville and is designated as Louisiana Highway 14. It has four lanes with the two eastbound lanes separated from the two westbound lanes only by a double yellow line. Lyman Street is a two lane paved road.
Mrs. Simms was heading north and stopped at the intersection for a period of time estimated as 25 to 45 seconds. During this time she looked in both directions and when she determined that the road was clear she started across the intersection and had reached a speed estimated at approximately 10 to 15 miles per hour when the right front of her vehicle struck or was struck by the left front of Officer Marcot-te’s unit at a point about eight to ten feet north-northwest of the center of the intersection. Mrs. Simms never saw or heard anything to lead her to believe there would be an accident. Her two passengers testified that they shouted a warning slightly before the accident.
Officer Marcotte was driving west and was in the process of bringing a young traffic offender to the City Jail. About five or six seconds before the collision the officer completed his lecture about the dangers brought on by the youth’s attempt to outrun the police immedately prior to the arrest.
Approximately ten blocks east of the intersection, Mr. John Douglas Richard drove his car onto Charity Street and headed *798 west. Richard occupied the outside or northernmost lane of traffic and was proceeding about 25 miles per hour. The patrol car overtook and passed him about four blocks east of the intersection and was occupying the inside or southernmost lane for westbound traffic. At the time of the collision Mr. Richard was approximately 35 to 40 feet behind the patrol unit. Neither Mr. Richard nor Officer Marcotte saw the Simms vehicle until the front of her vehicle reached the center of the intersection whereupon Officer Marcotte braked and swerved to the right. Mr. Richard did the same and was not involved in the accident.
The speed limit for this portion of Charity Street is 35 miles per hour and Officer Marcotte was certain that he was not exceeding this speed as he approached the intersection. This was verified by Mr. Richard. Officer Marcotte testified that he slowed for the intersection, but on cross-examination admitted that he may not have slowed more than one or two miles per hour.
We concur in the finding of the trial judge that the sole proximate cause of this accident was the negligence of Mrs. Simms, in starting across the intersection when there were two westbound vehicles traveling at a proper rate of speed which had the right of way on the favored street. The driver on the favored street, although confronted with a blinking yellow light, is not bound to anticipate that the driver who has stopped for the blinking red light will suddenly dart out from this position of safety into the intersection.
It is on this basis that we distinguish the cases of Lockhart v. McKinnis-Peterson Chevrolet, Inc., La.App., 1st Cir. 1968, 205 So.2d 744; Granata v. Simpson, La.App., 1st Cir. 1965, 181 So.2d 791; and Savoy v. Cooley, La.App., 1st Cir. 1962, 144 So.2d 223. Instead this case is in line with Landrum v. New Amsterdam Casualty Company, La.App., 3rd Cir. 1963, 149 So.2d 182, where the defendant darted out into the intersection, and the driver of the favored street was found to be free from negligence, even though confronted with a yellow blinking light.
For these reasons we find no manifest error in the holding of the trial court and affirm the decision. Costs to be paid by appellant.
Affirmed.