SARTAIN, Judge.
This is an action for personal injuries sustained in an automobile collision involving plaintiff and one Albert Brown. Plaintiff joined the Main Insurance Company, his uninsured motorist insurance carrier, since Brown had no liability insurance. Brown reconvened against Hill and joined Main Insurance Company, which was also Hill’s liability insurance carrier.
The accident occurred at about 9:15 p. m. on August 30, 1968, at the intersection of North Acadian Throughway and Cain Street in Baton Rouge. Prior to the collision, plaintiff was driving north on North Acadian, which in that area is a two-lane one-way street for north-bound traffic. Brown was proceeding eastward on Cain Street, a side street which crosses North Acadian and which is controlled by a stop sign at that intersection. As Brown attempted to cross North Acadian, his car *624 was struck on the right side by the Hill automobile.
Hill alleged that the sole cause of the accident was the negligence of Brown in attempting to cross North Acadian, the favored street, when it was unsafe to do so because of on-coming traffic. Brown alleged that he could have made the crossing if Hill had not been speeding and that the speeding was the sole cause, or at least a contributing cause, of the accident.
The trial judge found that Brown’s negligence in failing to yield to on-coming traffic on the favored street was the sole cause of the collision and rendered judgment jointly and in solido against defendant Brown, dismissing his reconventional demand, and Main Insurance Company, under its uninsured motorist policy. The awards included medical expenses of $1,-825.19, loss of wages in the amount of $900.00 and an additional amount of $20,-000.00 in view of the permanent disability sustained by Hill. The judgment against the Main Insurance Company was limited to $5,000.00, under its policy limits, and was subject to a credit of $500.00 advanced for medical expenses.
The insurance company alone has appealed reasserting its claim of contributory negligence on the part of plaintiff. We affirm the findings and awards of the trial court.
Prior to the accident, Hill, with a passenger named Hawkins, entered North Acadian by means of a right turn front Abel Street, a side street also controlled by a stop sign and situated one block (about 568 feet) south of the Cain Street intersection where the collision occurred. It was established that the speed limit on North Acadian was 40 miles per hour and that it was a favored street.
Both parties agree that there is a presumption of freedom from fault in favor of a driver traveling on a favored street. Therefore, the driver entering such a street from an inferior street has the burden of proving affirmatively that the driver on the favored street was in some way negligent and that his negligence was a legal cause of a resulting accident.
In the instant case, the negligence of Hill is alleged to have been speeding. The trial judge found, and we agree, that the testimony of the witnesses involved in the accident is totally insufficient to establish that claim. Defendant Brown testified that he looked once to the right for oncoming traffic before entering North Acadian, estimated that Hill’s headlights were about a block away and thought it was safe to proceed. He never looked back to the right, had no idea of Hill’s speed and did not remember hearing any brakes being applied or squealing tires prior to the impact. Neither Hill nor his passenger Hawkins had any idea of Hill’s speed, although both testified that Hill made a normal turn from Abel Street onto North Acadian without any unusually high acceleration. Hill testified that he never saw the Brown vehicle and did not remember applying his brakes.
The defendants thus urge that the physical evidence and the testimony of the investigating police officer constitute reliable evidence of speeding.
Officer O’Brien testified that he observed some debris near the middle of the intersection and skid marks measuring 88 feet leading up to that debris. He further observed that the Hill automobile ended up 35 feet north of the debris and that the Brown automobile ended up 40 feet northeast of the debris. He admitted that he was unable to render an expert opinion relative to the meanings or implications of the conditions he observed and could not say whether the skid marks were caused by two or all four tires. He testified that he had not questioned the plaintiff at the scene of the accident because the apparently serious cut or gash on plaintiff’s head *625 indicated that prompt medical attention was necessary. Nevertheless, Officer O’Brien did question plaintiff about thirty minutes later on a table in the hospital emergency room and said plaintiff told him that he had been driving about 60 miles per hour. Plaintiff testified that he did not remember even talking to the officer, and, under those circumstances, we feel the trial judge was correct in largely discounting the purported acknowledgement by plaintiff.
The trial judge did not elaborate on what physical evidence he relied upon in finding that Hill was driving in excess of 40 miles per hour. Our review of the record does not disclose sufficient competent and probative evidence to justify any estimate of plaintiff’s speed. Officer O’Brien could not give an expert interpretation of the physical evidence and in fact could only assume that the skid marks he observed were left by the Hill vehicle. Hill said he did not apply his brakes and Brown said he did not hear any squealing brakes or tires prior to the collision. To allow the trial judge to speculate that Hill was speeding under these circumstances would be to undermine the burden of proof of the defendant relative to the affirmative defense of contributory negligence. Such a finding must be based on sufficient competent and probative evidence of speeding and not based on an unsupported conclusion of the court. However, it is only that part of the trial judge’s reasons for judgment which appears to be in error. The questions of the extent of plaintiff’s injuries and the amounts of the awards of the court below have not been raised on appeal.
Therefore, having found no error in the result of the determination of the trial judge relative to liability, we affirm the judgment of the court below, at defendant-appellant’s costs.
Affirmed.