LOTTINGER, Judge.
This is an action ex delicto arising out of an automobile-pedestrian accident. The plaintiff, Harry Bueche, alleges that he was negligently struck by an automobile driven by the defendant, Jefferson Johnson, and further alleges negligence on the part of Boh Brothers Construction Company, Inc., by allowing an unusually large accumulation of mud to remain on a roadway.
The record points out that at approximately 2:00 o’clock P.M. on August 23, 1968, the plaintiff was walking in an easterly direction on the northern side of Mohican Street in Baton Rouge, Louisiana. Mohican Street runs in an easterly and *147 westerly direction, and intersects Baton Rouge Avenue, which runs in a northerly and southerly direction. At the time of the accident, the I — 10 Expressway through Baton Rouge at this point was under construction. An eye witness to the accident testified as to the actions of plaintiff as follows :
“And he got to Baton Rouge Avenue and the end of it is tore out right up to Mohican and he stopped and looked both ways and he started and he went on an angle and was just about across where he could get up on the bank, it was just mud and water and mud and water and everything else and this car come along and he throwed on his brakes and that mud there and he just went to sliding all four wheels and he just helt all four wheels, he didn’t slack off and give it a chance and he went to his right on an angle and the front end just missed Bueche and about the middle of the right side of the car hit Bueche * *
The defendant, Jefferson Johnson, driver of the automobile, as well as a passenger in the automobile both testified that the plaintiff, Bueche, was walking across Mohican Street, when at approximately 30 feet away, they first noticed him. The defendant testified that he went into the right-hand lane in order to miss the plaintiff, but the plaintiff kept walking, so it was necessary to apply his brakes. In applying his brakes, the car skidded and slid. He testified that the car did not strike the plaintiff, but rather the plaintiff walked into the automobile. The testimony of the passenger differs only in that he did not testify that Johnson changed lanes before applying his brakes. Johnson stated that the plaintiff was in the center of the street when he first noticed him.
Both the inspector on the job site for the Louisiana Department of Highways as well as the job superintendent of the defendant construction company testified that everything possible was done to keep Mohican Street as clean as could be, as well as placing the necessary warning signs at the beginning and ending of the construction site.
The Trial Court found that the plaintiff failed to prove negligence on the part of Jefferson Johnson or Boh Brothers Construction Company, and further found sufficient evidence of contributory negligence on the part of the plaintiff. For those reasons, the plaintiff’s suit was dismissed at plaintiff’s costs. It is from this judgment that the plaintiff has appealed.
It is without question that there are conflicting views as to how this accident actually happened. Even after a very close reading and study of the record, this Court is not convinced as to whether the plaintiff’s or defendants’ view of the accident is factually correct. The Trial Judge hearing this case apparently had the opportunity to view certain diagrams explaining the accident, which diagrams were not made a part of this record. Further, the Trial Judge had the opportunity to listen and weigh the credibility of each and every witness. Therefore, we feel that the facts as found by the Trial Judge must be accepted as manifestly correct.
From the facts as above presented, we find no negligence on the part of Boh Brothers Construction Company, Inc., inasmuch as two witnesses testified that the construction company had placed warning signs before and at the end of construction. Further, the construction company made a regular practice of removing excess mud from the street area.
There seems to be no question but that the defendant, Jefferson Johnson, was operating his vehicle within the lawful speed limit. He testified that he attempted to maneuver in order to avoid hitting the plaintiff, but even with this maneuver, the accident still occurred. The disinterested eye witness to the accident testified that the plaintiff did stop and look before commencing crossing Mohican Street, but we must conclude, as we feel did the Trial *148 Judge, that the plaintiff either did not see the approaching automobile, or saw it and paid no attention to it. It goes without saying and the need of citation is not required, that one is held to see what he should have seen. Even though Mohican Street was wet with mud, we do not find that the defendant, Jefferson Johnson, was negligent in the manner that he was operating his automobile.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
Judgment affirmed.