LOTTINGER, Judge.
This is a suit for personal injuries filed by Chester Zerangue, Jr., as petitioner, against William J. McFarland and his liability insurer, Hardware Dealers Mutual Fire Insurance Company, as defendants. The Travelers Insurance Company intervened for reimbursement of Workmen’s Compensation benefits paid petitioner. Following trial below, the Lower Court awarded judgment in favor of defendants and against petitioner, dismissing petitioner’s demand, petitioner has taken this appeal.
On October 12, 19§7, petitioner was employed by F. G. Sullivan Contractor. Petitioner had been hauling forms and generally performing duties relating to the pouring of concrete near the intersection of Greenwell Springs Road and North Foster Drive in Baton Rouge. Foster Drive had been a two-lane roadway, but at this time it was being widened to a four-lane. All four lanes had been poured and at the time of the accident, the contractor was laying the curbing on the Eastern side of the highway.
The accident occurred at about 9:45 o’clock in the morning when petitioner was struck and injured by a pickup truck driven by defendant.
The testimony of petitioner was to the effect that prior to the accident, he was working on the East side of North Foster Drive, ahead of a cement truck parked in the easternmost lane but facing South. He and a co-worker, Roosevelt Hardy, were proceeding to get more forms when petitioner testified that he was struck from behind without seeing the defendant’s vehicle coming. At the time, petitioner and Hardy testified that they were walking alongside the cement truck headed in a northerly direction.
The testimony of defendant was to the effect that he was going in a northerly direction on Foster Drive at a rate of 10 to 15 miles per hour, as he was aware that work was in progress. As he approached the rear end of the cement truck, petitioner suddenly appeared from behind the cement truck without looking for traffic. He tried to stop but was unable to do so before striking petitioner.
Sgt. John R. Taylor, of the Baton Rouge City Police Department, testified to the effect that Foster Drive had been a two-lane roadway, that' at the time, they were making a four-lane out of it. At the time of the accident, they were still doing work along the outside edges and traffic was allowed to travel in the center of the roadway. He testified that as a result of his investigation, he found skid marks of 10 feet in length. As these skid marks ran in *229 a northerly direction, the direction in which the pickup truck was traveling, they veered to the left, or West, and they stopped in what appeared to he the northbound lane of travel. As the travel lanes had not yet been marked, it was difficult for the investigating officer to testify conclusively but, he did testify that to his best judgment, the left front of the McFarland vehicle was very close to if not in the southbound lanes of travel when it came to a stop. He found the point of collision to be 18 feet West of the east edge of the North Foster Drive. He also found that the point of impact would have taken place towards the rear of the cement truck.
Mr. Keller, an employee of the City of Baton Rouge, testified that he was in the process of crossing the roadway when he saw the petitioner run out from behind the concrete truck, without looking, directly into the path of the defendant’s oncoming truck.
Based upon the above testimony, the Lower Court found that defendant was proceeding cautiously along the street and struck petitioner when the latter came hurriedly from behind the cement truck. In his reasons for judgment, the Lower Court further said that even if defendant was negligent, petitioner would be guilty of contributory negligence as he knew that the roadway was heavily traveled and he came hurriedly across the street without checking for oncoming traffic.
The Lower Court, therefore, awarded judgment in favor of defendant, dismissing petitioner’s action and dismissing the intervention by Travelers. Petitioner has appealed. Travelers has chosen not to appeal from the judgment of the Lower Court.
It is, as contended by petitioner that he was without fault, and that the sole and proximate result of the accident was the negligence and disregard of the defendant. In the alternative, he claims that defendant had the last clear chance to avoid the accident.
Here we have the situation where petitioner and his only eye-witness testified that immediately prior to the accident, the petitioner was walking in a northerly direction parallel and alongside the cement truck when he was suddenly struck from the rear by the vehicle driven by defendant. On the other hand, and in direct conflict with such testimony, it was the testimony of the defendant and his only eyewitness to the effect that defendant was cautiously approaching in his pickup truck when suddenly the petitioner hurriedly appeared from behind the cement truck and ran directly into the path of the oncoming vehicle of defendant.
The investigating officer’s testimony indicates, from his finding of the skid marks, that the pickup truck driven by defendant, veered to the left, apparently in an attempt to avoid striking petitioner, and that the petitioner was struck somewhere near the rear end of the cement truck.
The versions of the accident as set forth by the petitioner, on the one hand, and the defendant, on the other hand, are irreconcilable. Therefore, as stated in Fridge v. Talbert, 180 La. 937, 158 So. 209, and quoted with approval in Nelson v. Zurich Insurance Company, 247 La. 438, 172 So.2d 70:
“Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents. If this cannot be done, then the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation, the amount of corroboration, if any, and the degree of proof required.”
In cases of this nature, where the testimony of the opposing sides is in conflict and the credibility of the witnesses is at issue, great weight must be granted the decision of the Lower Court.
*230 In Bueche v. Boh Bros. Constr. Co., La. App., 247 So.2d 146, this Court, faced with a similar situation, said:
“It is without question that there are conflicting views as to how this accident actually happened. Even after a very close reading and study of the record, this Court is not convinced as to whether the plaintiffs or defendants’ view of the accident is factually correct. The Trial Judge hearing this case apparently had the opportunity to view certain diagrams explaining the accident, which diagrams were not made a part of this record. Further, the Trial Judge had the opportunity to listen and weigh the credibility of each and every witness. Therefore, we feel that the facts as found by the Trial Judge must be accepted as manifestly correct.”
We find no manifest error on the part of the Trial Judge and, for the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.