MILLER, Judge.
The trial court awarded property damages to plaintiffs Benny Lee Mallory and his insurer Motors Insurance Corporation on the finding that Mallory’s northbound vehicle sideswiped defendant John L. Bol-ing’s southbound pickup truck when Boling jackknifed his boat trailer and suddenly entered plaintiff’s traffic lane. Defendant’s reconventional demand was dismissed. Defendant appealed both findings and we affirm.
Defendant contends that the accident occurred in defendant’s southbound lane after defendant had stopped. Defendant showed that a northbound wrecker took the shoulder to avoid striking defendant’s vehicle as it jackknifed and contended that plaintiffs’ driver of the following vehicle had the last clear chance to avoid the accident.
The evidence supports the trial court finding that the left front of plaintiff’s car struck the left rear side of defendant’s pickup truck in the northbound lane. The accident occurred during a heavy rain. Defendant approached a line of stopped cars and applied his brakes too quickly. His boat trailer caused him to jackknife such that the left rear of his pickup truck entered about four to six feet of plaintiff’s northbound lane. The driver of the northbound wrecker saw the problem developing and avoided the accident by swerving onto the narrow east shoulder. The driver and passenger in the wrecker were disinterested witnesses and testified that plaintiff had no opportunity to avoid the accident because the wrecker shielded defendant’s entry into ' the northbound lane and the accident occurred before plaintiff had time to avoid defendant’s pickup truck. Defendant admitted that he had “two beers” earlier in the day. On these findings which are not manifestly erroneous, the cases cited by defendant are distinguished.
Defendant contends that there is a presumption against plaintiff because plaintiff failed to call his guest passenger. The record preponderates in favor of the trial court’s determination. There is no requirement that to be successful, a litigant must produce all witnesses who might have knowledge of the occurrence. Haynes v. Modern Woodmen of America, 135 So.2d 548 (La.App. 3 Cir. 1962).
Last clear chance does not apply. A motorist is not liable to a person who moves or swerves in front of his moving vehicle so as not to allow sufficient time to avoid the collision. Whitfield v. Travelers Insurance Co., 160 So.2d 353 (La.App. 1 Cir. 1964).
The trial court judgment is affirmed at defendant-appellant’s costs.
Affirmed.