BOUTALL, Judge.
This appeal arises out of an automobile accident which occurred on May 8, 1970, at the intersection of Esplanade Avenue and Marais Street in New Orleans, Louisiana. The trial court ruled in favor of defendants, Joseph A. Stephany, NOPSI, and Great American Insurance Companies, by dismissing plaintiffs’ suit. The trial court also granted defendants’ reconventional demand in the amount of $186.19.
Plaintiff Betty Lee Griffin was traveling on Marais and attempted to cross the lakebound lanes of Esplanade Avenue. *233 Her intention was to turn left onto the riv-erbound lanes. Defendant was traveling lakebound on Esplanade.
Each side has its own particular version of the accident. Plaintiff alleges that she stopped at the intersection, looked to her left down Esplanade Avenue, and saw nothing coming. She then proceeded across the lakebound lanes of Esplanade Avenue and into the neutral ground area, and then stopped for traffic proceeding towards the river on Esplanade Ave. She claims that she then heard screeching of brakes, turned around, and saw defendant’s vehicle in the lakebound lane of Esplanade Avenue swerve into the neutral ground area and strike her vehicle.
Defendant Stephany, a supervisor for NOPSI, was on a routine run for his company and testified that he was operating his vehicle at approximately 30 to 35 miles per hour. As he approached the intersection of Esplanade Ave. and Marais St., a 1966 Chevrolet operated by plaintiff entered the intersection without slowing or stopping before entering. Defendant alleges that as soon as he saw plaintiff’s vehicle he put on his brakes but was unable to stop in time. According to defendant, the collision occurred in his lane of traffic at its intersection with Marais St., while plaintiff alleges that the collision occurred in the neutral ground area of the intersection.
The trial judge acknowledges that there were two versions of the accident and in his reasons for judgment he states that after considering the testimony of the witnesses and other evidence produced at trial, he accepts the defendant’s version and concludes that the sole and proximate cause of the accident was the negligence of plaintiff. The trial judge stated in his reasons that the plaintiff attempted to cross a favored street in the path of the defendant’s vehicle without exercising proper precaution. Our jurisprudence makes it quite clear that where the testimony of opposing sides is in conflict and credibility of witnesses is at issue, great weight must be granted to the decision of the lower court. See Zerangue v. Hardware Dealers Mutual Fire Insurance Co., 255 So.2d 227 (La.App. 1st Cir„ 1971); Inabinet v. State Farm Mutual Automobile Ins. Co., 234 So.2d 827 (La.App. 1st Cir., 1970).
We agree with the trial court’s assessment of the testimony and other evidence presented. Plaintiff produced two witnesses, Mrs. Leona Seymour, and Mr. Leroy West, who allegedly had been walking together and were standing on the neutral ground when the accident occurred. Mr. West first testified that he heard a loud noise, turned around, and saw that defendant’s vehicle had struck plaintiff’s vehicle. Upon further questioning, Mr. West changed his testimony by stating that he heard screeching of brakes, turned around, and saw defendant’s vehicle before it struck plaintiff’s vehicle. Additionally, he places the plaintiff vehicle in the left lane of the intersection with its rear four feet inside the neutral ground, a rather unlikely position when compared with the point of collision testified to by plaintiff.
Mrs. Seymour stated that she and Mr. West were waiting to cross the lakebound lanes of Esplanade when she first saw plaintiff’s car. Mr. West testified that he first saw plaintiff’s car while he was standing on the neutral ground waiting to cross the riverbound lanes of Esplanade.
Both Mr. West, Mrs. Seymour and plaintiff testified that defendant’s automobile swerved into the neutral ground area and that as a result of this the collision took place in the neutral ground area. The testimony of Mr. Andrew J. Ives and also that of Mr. Edwin J. Monteleone contradicts this. Mr. Ives, a NOPSI supervisor, arrived on the scene shortly after the accident. He testified that defendant’s vehicle was situated on Esplanade and that it was not in the neutral ground area at all. He also testified that defendant’s automobile left skid marks of approximately -50 ft. on Esplanade and that these skid marks were straight. Mr. Monteleone, a claims *234 representative for NOPSI, investigated the accident and testified that the skid marks were 50 to 60 feet and were straight.
We are of the opinion that the collision occurred on the left lakebound lane of Esplanade and not in the neutral ground area. Defendant Stephany testified that he had absolutely no intention to turn left on Marais Street as he had no reason whatsoever to use Marais Street on that day. At the time of the collision he was on his way to do work further down Esplanade Avenue.
We agree with the trial court that the plaintiff was the sole proximate cause of the accident, and that defendant was in no way negligent. Defendant driver attempted to avoid the accident and skidded approximately 50 feet hut was unable to avoid the collision even though he exercised due diligence. See Hill v. Main Insurance Co., 242 So.2d 623 (La.App. 1st Cir., 1970) ; City of Abbeville v. Continental Insurance Co., 217 So.2d 796 (La.App.3rd Cir., 1969).
For the above reasons we affirm the judgment of the trial court in all respects, appellant to pay all costs of this appeal.
Affirmed.