301 So.2d 889 (1974)
Rueben KLIBERT, Sr. and on Behalf of his daughter, Karen Klibert
v.
Arnold J. BREWER et al.
No. 6387.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Rehearing Denied November 7, 1974.
*890 Chaisson & Accardo, Joseph Accardo, Jr., LaPlace, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stewart E. Niles, Jr., New Orleans, for defendants-appellants, Arnold J. Brewer, Fox Boro, and Liberty Mut. Ins. Co.
Before STOULIG, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
Defendants appeal from a judgment in plaintiff's favor for damages resulting from an accident in which plaintiff's fourteen year old daughter, Karen Klibert, was struck by an automobile operated by Brewer, owned by Fox Boro, and insured for liability by Liberty Mutual. On plaintiff's motion before trial Allstate was dismissed as a party defendant so that it is not a party on appeal.
The accident occurred on a clear afternoon in a residential subdivision in LaPlace, Louisiana. As defendant was proceeding along Madewood Road in a westerly direction he approached a "T" intersection with Melrose Lane entering Madewood from the south when Miss Klibert, who had been riding her bicycle in the same direction on the north sidewalk of Madewood, came from the sidewalk and a driveway into the path of his car.
Miss Klibert testified that she stopped and looked in both directions before she started across Madewood, but that she had not seen Brewer's automobile coming before she was struck down.
Brewer testified that as he approached the intersection at about 15 miles per hour he momentarily looked to his left and down Melrose, and as he looked ahead again the girl suddenly pedaled her bicycle from behind a parked car to his right; that when he first saw the girl she was within a foot of his car which was six to eight feet from the curb; that he immediately applied his brakes; and that the bicycle was struck by the right front of his car.
*891 The investigating policeman testified that he found Brewer's automobile left of the center of the street, having left two feet of skid marks curving to the left; that Madewood was about 20 feet wide; that the automobile's right front fender came in contact with the bicycle; and that parked vehicles on Madewood on Brewer's right and Miss Klibert's left could have blocked the vision of both.
In written reasons for judgment the trial judge found that Brewer was traveling within the speed limit of 20 miles per hour but that "the speed of Mr. Brewer was too fast for the area" which the judge likened to a "long continuous playground with some 400-500 homes." Finding that Brewer's view of the intersecting street, Melrose Lane, was clear and unobstructed, he concluded that Brewer's "attention should have been concentrated to his right" and that his failure to focus his attention to the right, i. e., to the sidewalk rather than to his left, the intersecting street, constituted negligence. The trial judge dismissed the defense of contributory negligence with the statement that "The slender aspect of possible contributory negligence is not of sufficient seriousness so as to bar recovery."
We have concluded that implicit in the trial court's reasons for judgment are errors of law which require us to reverse his judgment. Brewer was traveling within the speed limit. He was under a duty to observe Madewood Road ahead of him and Melrose Lane to his left so as to be on the lookout for other vehicles. He was not under any duty to peer around every parked automobile and to keep his attention focused on the sidewalk to his right so as to be on the lookout for pedestrians, but on the contrary he had a right to assume that any pedestrians would remain in their positions of safety off the roadway. Even had Brewer seen Miss Klibert, which he could not and did not, he would have had the right to assume that she would remain on the sidewalk or driveway until he passed. We perceive that the trial judge was influenced to some extent by the jurisprudence concerned with small children or toddlers who dart out into the street. In those cases, however, the injured plaintiffs are incapable of contributory negligence and the courts have found that drivers owe a special duty to such pedestrians when they are aware or should be aware of their presence in the vicinity. None of these principles have any application to the instant case.
In addition we find that the trial judge committed manifest error in his factual conclusion, disposing of the plea of contributory negligence. The only cause of the accident was Miss Klibert's failure to see what she should have seen, that is, Brewer's automobile approaching on her immediate left. It is impossible to reconcile a factual determination that Brewer was traveling under 20 miles per hour with a conclusion that Miss Klibert was not negligent in failing to see him approaching.
Plaintiff finally invokes the doctrine of last clear chance as a basis for recovery, but the facts do not provide a sound basis for the doctrine. The weight of the evidence is to the effect that Brewer saw the girl when he was just a foot or two from her and he immediately applied his brakes, skidding two feet. The right front of his automobile came in contact with the girl. For a successful plea of last clear chance a plaintiff must show that defendant had the opportunity to avoid the accident and failed to do so. We have concluded that no such opportunity existed in favor of Brewer.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of defendants, Arnold J. Brewer, Fox Boro and Liberty Mutual Insurance Company, and against Rueben Klibert, Sr., individually and as administrator of the estate of his child, Karen Klibert, dismissing his suit at his cost.
Reversed and rendered.