BEER, Judge.
On July 1, 1971 at about 10:30 p. m. in or near the controlled intersection of South Claiborne Avenue and Gravier Street in New Orleans, a rear end collision occurred between a taxicab driven by appellant, James Williams, and an automobile driven by appellee, Owen MacRobert.
The point of impact and the mechanics of the accident form the basis for the completely conflicting testimony of the various witnesses. The only undisputed facts are:
1) The MacRobert’s vehicle struck the Williams’ taxicab from the rear.
2) Dora Lee Hall, a passenger in the cab, was injured and her claim has been settled for $15,000.
3) MacRobert’s insurer, United Services Auto Association, has paid Dora Lee Hall and now seeks a fifty percent contribution from Williams’ insurer, Interstate Fire and Casualty Company.
There are no claims before us in connection with the property damage to the MacRobert vehicle or possible personal injuries occasioned by any occupant of the MacRobert vehicle. We are here concerned only with:
1) Williams’ claim for his alleged personal injuries against United Services Auto Association, and
2) United Services Auto Association’s claim for fifty percent contribution for the settlement with Dora Lee Hall against Interstate Fire and Casualty Company.
Following a trial on the merits, the district court concluded that the rear end collision had been proximately caused by the negligence of both drivers, dismissed Williams’ claim, and ordered fifty percent contribution by Interstate Fire and Casualty Company in connection with the Dora Lee Hall settlement.
We affirm.
For the purpose of this appeal we need only consider the question of the correctness of the finding by the trial court that Williams was negligent. MacRobert’s negligence, and the concurrent nature of that negligence, was decided in the trial court judgment and since there has been no appeal therefrom, that conclusion is final.
The record contains ample basis for the trial judge’s finding that Williams came to a sudden, uncalled for and improper stop in a moving lane of traffic. We see no basis in this record for disregarding the great weight granted to the trier of the facts. See: Griffin v. Stephany, 279 So. 2d 232 (La.App. 4th Cir. 1972). In fact, our conclusions are the same as the trial court’s.
Appellants contention that some adverse presumption should result from the fact that all the occupants of the Mac-Robert’s automobile were not called to testify is without merit. See : Motors Insurance Corp. v. Boling, 262 So.2d 156 (La. App. 3rd Cir. 1972).
For the reasons assigned, the judgment of the trial court is affirmed; cost of this appeal to be borne by third-party defendants-appellants.
Affirmed.