MARVIN, Judge.
Plaintiff, Vic Alio, then a minor serving in the Army, was a guest passenger riding behind the operator of a motorcycle when the motorcycle and a truck collided on a rural highway between Bellvue and Benton about 200 feet east of the Bayou Bodcaw bridge in 1965. After a trial in 1974, and from a judgment rejecting his demands for personal injuries, Alio appeals. We affirm.
Plaintiff sued the driver of the truck and the truck owner’s liability insurer. Testimony concerning the liability issues was given by Alio, by the driver and by a guest passenger in the truck, and by an eyewitness (Miller) who was not otherwise involved in the collision. Miller was standing with still another person (Roberts) near the scene (“across the street” as he described it). The truck was a tractor-lowboy trailer of conventional type used in oil field work in this area. It was not loaded at the time of the accident, about 4:00 p. m. on a clear, dry October day. No other traffic was involved.
The highway near the scene is a blacktop state highway. Once it enters the Bayou Bodcaw bottom lands it is relatively straight, with shoulders limited to about 2 feet for a distance of approximately 400 feet approaching the bridge. The highway extends through the bottom lands as a “dump”, with water from the Bayou on each side of the highway, which the witnesses called “deep”. Both vehicles were proceeding westerly on the dump, approaching the bridge.
The motorcycle was on the left side and left shoulder of the highway, traveling at a speed of 15-20 mph as estimated by Alio in a deposition in 1967. Alio and his driver were riding in this fashion looking at turtles in the water to their left when the truck rounded the curve about 400 feet behind them. Jefferson and his guest passenger saw the motorcycle at this time and kept it under observation.
The truck was then traveling at about 40^45 mph but reduced its speed to an estimated 25-30 mph upon seeing the motorcycle. The posted speed limit was 60 mph. The truck at all times remained in its proper lane.
Allo’s memory of the accident at best, was sketchy. At least three times on cross-examination his testimony at the trial was impeached or his memory was otherwise refreshed from his 1967 deposition. He did not testify to any facts which lead us to conclude that the truck driver breached any duty towards the motorcycle riders.
After seeing the motorcycle, Jefferson blew the truck’s horn one or more times. The eyewitness Miller testified the horn blew several times, first when a distance of 30-40 yards separated the truck and motorcycle. The guest passenger and driver of the truck, and the eyewitness generally are in agreement that the motorcycle and truck were traveling at about the same speed, and were “about even with” or were “4-5 feet from” each other when the motorcycle veered almost perpendicularly from its left lane immediately into the front of the truck. The driver and passenger in the truck testified the driver then applied his brakes and steered from the right lane as far as he could go on the limited width of the road shoulder. The eyewitness corroborates this. The driver and passenger testified that when the motorcycle cut in front of the truck, the driver blew the truck horn. The truck driver’s attempt to avoid the accident was unsuccessful and the collision occurred.
From our review of Allo’s testimony, and particularly his admissions as to his statements in the 1967 deposition, *706 Alio did not hear the truck horn until after the motorcycle verred into the path of the truck. The motorcycle driver did not testify and we can only infer his audio perception from the circumstances. Either he did not hear the horn or he reacted too late and without properly observing the source of the horn before veering into the path of the source. Under either inference, the motorcycle driver gave no indication beforehand that he was going to veer into the path of the truck, and we find that it was solely the negligence of the motorcycle driver which caused the accident. This finding results in the affirmance of the judgment below and makes it unnecessary that we agree with the trial court’s reasons for judgment or for us to make other findings as to contributory negligence and assumption of the risk by plaintiff, as did the trial court.
The trial court found the truck driver negligent in attempting to pass to the right of the motorcycle “upon seeing the dangerous position of the motorcycle ahead and the unusual conduct of the driver and passenger.” [1] Under whatever theory or label, the defendant’s liability is founded upon his seeing or being under a duty of seeing the plaintiff and unreasonably acting or failing to act so as to cause the injury to the plaintiff. Considering all of the circumstances, the traffic conditions, nature and location of the highway, the motorcycle and its occupants remained in a relatively safe position from the time the truck driver saw them until the motorcycle drove into the path of the truck. The accident was not inevitable until the motorcycle drove almost perpendicularly from this relatively safe position into the path of the truck. The truck driver here had no indication that the motorcycle was not aware of the truck’s approach. During the entire time the motorcycle was being observed by the truck driver, the motorcycle remained far to the left side and shoulder of the road at a relatively slow rate of speed. The truck driver sounded his horn, slowed and purposely drove on his far right side of the road during the approach. We do not find that he breached any duty owed the motorcycle riders. See and compare: Daigre v. Schneider, 255 So.2d 206 (La.App. 1st Cir. 1971); Klibert v. Brewer, 301 So.2d 889 (La.App. 4th Cir. 1974), writ denied 305 So.2d 131 (La.1974); Motors Ins. Corp. v. Boling, 262 So.2d 156 (La.App. 3d Cir. 1972); Dixon v. Aetna Casualty Company, 256 So.2d 474 (La.App. 2d Cir. 1972). We need not agree with the trial court’s findings with respect to the motorcycle guest passenger.
For the reasons assigned, the judgment rejecting plaintiff’s demands is affirmed.
Affirmed.
BOLIN, J., dissents with written reasons.

. Also pertinent here is plaintiff’s contention that the doctrine of last clear chance or discovered peril should apply to impose liability.