LEAR, Judge.
This is an action in tort for damages growing out of a two-car, intersectional collision in Baton Rouge, Louisiana. The plaintiff in the main demand is Cynthia L. Chaney (Chaney). Commercial Union Insurance Company (Commercial) and Warren H. Lorio (Lorio) are made defendants therein. Defendants denied liability and reconvened against Chaney alleging that the sole cause of the said collision was her negligence. After a trial of the matter, the trial court found that, “. . . the testimony of the two drivers and passengers is hopelessly in conflict and there is no physical evidence tending to support the testimony of either driver . . . .” The court then dismissed the main demand and reconven-tional demand. Both plaintiff and defendants filed notices of appeal, but plaintiff, thereafter, failed to timely pay costs. Her appeal was, therefore, dismissed.
Defendants have timely appealed and apparently rely on only one specification of error: That the trial court erred in rejecting defendant Lorio’s version of the accident.
The record shows that plaintiff’s vehicle was proceeding south on Plank Road near the intersection of Plank Road and Evangeline Street. Janice Sheppard and her minor son were passengers in plaintiff’s car and Ms. Sheppard was called to testify at trial. Her testimony, supportive of the plaintiff, was to the effect that plaintiff proceeded through the intersection with a green light in her favor. The defendant, Lorio, on the other hand, testified that he was proceeding west on Evangeline near the Plank Road intersection and, as he approached and proceeded through the intersection, he had the green light or right-of-way. His testimony was corroborated by that of his wife who was a passenger in the Lorio vehicle.
The City of Baton Rouge, responsible for the maintenance of all traffic lights, was not made a party to the suit.
After hearing and considering the evidence, the court found that the traffic lights were being operated properly. The trial court found, however, that the evidence was hopelessly in conflict and that it was not possible to determine which vehicle had run a red light.
Under the circumstances of this case, we are bound to uphold the decision of the lower court unless we find that manifest error was committed by the trial judge. Canter v. Koehring Company, et al., 283 So.2d 716 (La.1973).
The record herein supports the trial court’s conclusion as to irreconcilable conflicts in the testimony of the witnesses. In such instances, the trial court is required to look to other physical evidence in the case to determine where lies — if at all — the preponderance, Williams v. Bulk Transfers, Inc., 266 So.2d 472 (La.App. 4th Cir. 1972), or look to the testimony and/or findings *388 and observations of the investigating police officer. See Zerartgue v. Hardware Dealers Mutual Fire Ins. Co., 255 So.2d 227 (La.App. 1st Cir. 1971). In the instant case, the police officer who investigated the accident did not testify. The record is not conclusive as to whether he was actually subpoenaed by the plaintiff. Nevertheless, the parties stipulated that the absence of the officer as a witness was not to be treated as an adverse presumption.
We are unable to conclude that the lower court’s dismissal of both the main and reconventional demands is manifest error and we, therefore, affirm.
For the reasons assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by defendant-appellant.
AFFIRMED.