266 So.2d 472 (1972)
Johnnie WILLIAMS
v.
BULK TRANSPORT, INC., et al.
No. 5036.
Court of Appeal of Louisiana, Fourth Circuit.
July 18, 1972.
Rehearing Denied October 4, 1972.
*473 Gordon Hackman, Boutte, for plaintiff-appellant.
Reuter, Reuter & Schott, David M. Cambre, New Orleans, for defendants-appellees.
Before STOULIG, BOUTALL and BAILES, JJ.
STOULIG, Judge.
Appellant, Johnnie Williams, instituted this tort action against the appellees, Douglas Arceneaux and his employer, Bulk Transport, Inc., for personal injuries and property damage arising out of an automobile accident which occurred in the immediate vicinity of U.S. Highway 90 and State Highway 52. From an adverse judgment dismissing his claim, appellant has lodged this appeal.
The trial court was confronted with two irreconcilable versions of the manner in which the accident occurred. Guided by the elementary jurisprudential rule of appellate review expressed in Howard v. Pan American Fire & Casualty Company, 240 So.2d 755 (La.App.2d Cir. 1970), we must determine if the trial judge was manifestly in error in resolving this conflict by accepting the truck driver's factual account of the accident.
Appellee Douglas Arceneaux testified he was driving the truck of Bulk Transport, Inc., in an easterly direction in the right traffic lane of Highway 90. When approximately 200 feet from the intersection, he observed that the signal light had changed to green for traffic moving in his direction. At this moment he became aware of appellant making a left turn into the left lane of Highway 90 from Highway 52 in violation of the traffic light. After traveling some 50 feet the Williams automobile abruptly entered the right lane in the path of defendant's truck. Being unable to swerve to his left because of other traffic, Arceneaux applied his brakes and veered sharply right toward the shoulder of the highway, where he came in contact with the right rear of appellant's car whose movement simultaneously patterned that of the truck. The truck driver located the point of impact some 50 feet beyond the intersection, and further stated there was nothing to indicate that the Williams *474 automobile would not remain in the left lane. In defense Arceneaux testified that appellant told him at the scene of the accident that he missed his turn and was crossing the right lane to reach the shoulder of the highway so that he could back up to Highway 52.
The deposition of the investigating trooper, William Morris, was stipulated into evidence. His physical findings substantiate Arceneaux's account of the accident. He found skid marks of 30 feet made by the truck extending from the intersection to where it came to rest with its right wheels on the shoulder of the highway. It was in this area that the officer located the point of impact. Not one of the bystanders admitted to the trooper that he witnessed the accident.
As opposed to the foregoing, appellant testified that he entered Highway 90 from a cutout in the neutral area located 150 feet before the intersection. (This testimony contradicts his petition in which it is alleged he entered from Highway 52.) He stated that he changed from the left to the right traffic lane and came to a stop in obedience to the signal light controlling the intersection. While in a stopped position his car was struck in the rear by defendant's truck and was knocked 150 feet.
Several physical details of the accident do not lend support to the appellant's narrative account. His car came to rest almost 300 feet beyond the intersection rather than 150 feet; only the right portion and not the entire rear of his vehicle was damaged; the extent of the damages was not commensurate with the force of an impact generated by a tractor-trailer moving at 45 miles per hour striking a stationary object; and the investigating officer located the point of impact more than 30 feet beyond the intersection where Williams maintains his automobile was struck.
In confirmation of his version of the accident the appellant tendered the testimony of one William Harris, an alleged eyewitness, who admitted he did not inform the state trooper that he saw the accident. The gist of his testimony is that he saw the Williams automobile stopped in the right lane at the intersection for the traffic light, and though he did not see the actual collision, he heard the impact and noted that the Williams car was then beyond the intersection. Apparently the trial judge assigned very little, if any, probative value to this testimony.
It is well settled the factual conclusions of the trial judge will not be disturbed unless manifestly erroneous.[1] When the credibility of the witnesses is the determinative factor in resolving an issue of fact, the evaluation of the trial judge must be accorded great weight and is not subject to modification on appellate review unless obviously erroneous.[2] Additionally where the significant testimony tendered by the parties is conflicting and irreconcilable and the court has no reason to suspect the credibility of the witnesses, then resort must be had to the physical aspects in determining a preponderance of evidence. Should there be no attendant significant physical evidence, then the court must find that the proponent has failed to bear the burden of proof sufficient to constitute a preponderance of evidence.
There was ample evidence, both testimonial and physical, upon which the trial court based its judgment in favor of the defendant. In the preamble to the judgment it is noted that the testimony of the truck driver was deliberate and unequivocal and that it was corroborated by the physical findings of the investigating officer. The trial judge further concluded that the entry of the Williams automobile into the right traffic lane created a sudden *475 and dangerous emergency which directly caused the accident. We find no error in the trial court's factual conclusions or in its application of the law in respect thereto. Accordingly we must affirm the judgment.
Appellant and his witness in their testimony implied that the state trooper was biased and prejudiced. This assertion finds no support in the record. The officer's unrefuted deposition reveals that he impartially and thoroughly investigated the accident. He did not know any of the principals involved nor did he subsequently discuss the accident with either of them after completing his investigation.
For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.
NOTES
[1] Howard v. Pan American Fire & Casualty Company, cited supra; Monjure v. Argonaut Insurance Companies, 239 So. 2d 488 (La.App.4th Cir. 1970).
[2] Zerangue v. Hardware Dealers Mutual Fire Ins. Co., 255 So.2d 227 (La.App. 1st Cir. 1971); Murphy v. Piro, 240 So.2d 111 (La.App.4th Cir. 1970).