CUTRER, Judge.
Plaintiff, Alcide J. Faulk, sued Marvin L. Smith, Bay City Motors, Inc.[1] and Liberty Mutual Insurance Co. for damages sustained by him in connection with an automobile accident which took place in Ka-plan, Louisiana, on February 23, 1973. After a trial on the merits the trial judge rendered judgment rejecting the plaintiff’s demands on a finding that he had failed to sustain the burden of establishing by a preponderance of the evidence that the negligence of Mr. Smith was the sole and proximate cause of the accident. Plaintiff perfected a devolutive appeal. We affirm.
Plaintiff alleged that he was driving his 1965 Ford sedan in a southerly direction on North Cushing Avenue near its intersection with East Fifth Street when the accident occurred. Smith was driving a 1973 Ford sedan, owned by Bay City Motors and insured by Liberty Mutual, in a southerly direction on North Cushing overtaking plaintiff’s vehicle. Plaintiff alleged that Smith suddenly and without warning drove the vehicle into the rear of plaintiff’s vehicle causing damage to it and personal injuries to plaintiff. The alleged personal injuries to the plaintiff consisted of severe contusions and abrasions of the neck, cervical spine, back and legs, and bruises and contusions of the body generally. Plaintiff was hospitalized for a period of two weeks. Total damages amounted to $78,850.00, according to plaintiff’s allegations. Suit was brought in forma pauperis.
The testimony of the plaintiff is that he was parked diagonally at .the Vermilion Bank & Trust Company which is located on the west side of North Cushing Avenue. After completing his business plaintiff entered his automobile, backed out into the traveled portion of the street and proceeded in a southerly direction when his vehicle was struck from the rear by defendant’s vehicle. Plaintiff was the only occupant of his vehicle.
The deposition of Smith, who died before trial, indicated that he was approaching the point of impact traveling about twenty to twenty-five miles per hour. There was a drizzle at the time of the accident and the street was wet. Smith had entered North Cushing Avenue from a parking lot not far from the location of the accident. He first saw plaintiff’s vehicle backing out from its parked position whereupon Smith applied his brakes, skidded fifteen or twenty feet and collided with the rear of plaintiff’s vehicle. His testimony indicated that at the time of the collision plaintiff’s vehicle was still backing from the parked position and not moving forward toward the intersection of North Cushing and Fifth Street.
Ray Gaspard, an officer with the Kaplan Police Department, investigated the accident. His testimony indicated that the rear center of plaintiff’s vehicle was damaged and that the right front end of defendant’s vehicle was damaged. This evi *509 dence corroborated somewhat the testimony of Smith, in that it indicates that the front end of defendant’s vehicle apparently hit the rear center of plaintiff’s vehicle at an angle rather than hitting it squarely as would have been more likely if plaintiff had already completed his backing maneuver and started moving with the flow of traffic south on North Cushing.
The trial judge noted in his written reasons for judgment that the only eyewitnesses to the accident were the two drivers, and that their versions of what took place were in irreconcilable conflict. He stated that he was unable to determine which testimony more accurately reflected the true facts. Therefore, he concluded that the plaintiff had failed to carry the burden of proving fault on the part of the defendant.
 The jurisprudence of this state is to the effect that where the significant testimony tendered by the parties is conflicting and irreconcilable and the court has no reason to suspect the credibility of the witnesses, the court must find that the proponent has failed to bear the burden of proof sufficient to constitute a preponderance of evidence, in the absence of attendant significant physical evidence. Johnson v. Johnson, 296 So.2d 470 (La.App. 2nd Cir. 1974); Williams v. Bulk Transport, Inc., 266 So.2d 472 (La.App. 4th Cir. 1972); Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir. 1971). Apparently the trial judge below found such an irreconcilable conflict in the testimony presented and a lack of sufficient physical evidence to assist him in resolving the conflict. We find no error on his part in this connection.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
Affirmed.

. The suit against Bay City Motors, Inc. was subsequently dismissed without prejudice.