DOUCET, Judge.
Plaintiff, Harold Dwellingham, instituted this action against defendants, Sandra Cooper and her automobile insurer, State Farm Mutual Automobile Insurance Company, for personal injuries arising out of an inter-sectional automobile collision. The trial court rendered judgment in favor of plaintiff and against defendants. From this judgment defendants have appealed. We reverse.
The collision at issue occurred at the intersection of Fourth Street and Lee Street in the City of Alexandria. Fourth Street is a two lane one-way street which runs north and south. Lee Street is a two lane one-way street which runs east and west. The intersection of the two streets is controlled by a standard traffic light that alternates from green to yellow to red, and then back to green. Prior to the collision, plaintiff was proceeding south, apparently in the left lane of Fourth Street. Ms. Cooper was proceeding east in the left lane of Lee Street.
The parties were the only witnesses to the collision. Both testified that they entered the intersection of Fourth and Lee Streets under a green light. Neither party’s testimony was impeached.
At the close of the plaintiff’s case, the defendants moved for a directed verdict. The trial judge denied this motion, basing his decision on the location of the damage to the vehicles.
At the close of the trial, the trial judge stated that he believed both the plaintiff and the defendant honestly and sincerely believed they had the green light, but that this was impossible absent some malfunction of the traffic signal. He then stated that there was no evidence of such a malfunction and that he believed the signal was functioning properly.
The judge then stated that he could not decide the case based upon the testimony of the parties that the light was green, and that he must look somewhere else to determine whether the light was green or red. The judge then noted that the damage to the vehicles seemed to show that the defendant’s vehicle ran into the plaintiff’s vehicle in the left lane of Fourth Street.
The trial judge then stated that he was very familiar with the intersection in question. He stated that the intersection is controlled by a traffic light that is in sequence with the other traffic lights on Fourth Street and that if a vehicle was stopped by one traffic signal on Fourth Street and thereafter traveled “anywhere from 25 to 30 mph,” that vehicle would get every green light. He further stated that the plaintiff had testified that this had happened to the plaintiff as he proceeded along Fourth Street prior to the accident.
The trial judge then stated:
“Considering the damage to the Dwell-ingham vehicle, the damage to the Cooper vehicle, considering the testimony of the plaintiff and the defendant and the knowledge of the Court, the Court will decide that the Cooper vehicle was at fault in the accident.”
*572 The judge then awarded plaintiff medical damages of $455.00 and general damages of $2,500.00, for a total award of $2,955.00.
From this adverse judgment, the defendants have appealed. Plaintiff seeks, by way of answer to the defendants’ appeal, an increase in the general damage award. The defendants assert five assignments of error, only one of which we believe requires an answer.
The defendants’ principle assignment of error is that the trial judge erred in accepting the plaintiff’s uncorroborated testimony as sufficient to establish a preponderance of evidence necessary to support a judgment in his favor.
As stated in Williams v. Bulk Transport, Inc., et al, 266 So.2d 472 (La.App. 4th Cir.1972):
“It is well settled the factual conclusions of the trial judge will not be disturbed unless manifestly erroneous.1 When the credibility of the witnesses is the determinative factor in resolving an issue of fact, the evaluation of the trial judge must be accorded great weight and is not subject to modification on appellate review unless obviously erroneous.2 Additionally, where the significant testimony tendered by the parties is conflicting and irreconcilable and the court has no reason to suspect the credibility of the witnesses, then resort must be had to the physical aspects in determining a preponderance of evidence. Should there be no attendant significant physical evidence, then the court must find that the proponent has failed to bear the burden of proof sufficient to constitute a preponderance of evidence.” [footnotes omitted].
See also Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir.1971) and Alphonso v. Alphonso, 422 So.2d 210 (La.App. 4th Cir.1982).
As mentioned previously, both plaintiff and Ms. Cooper testified that they entered the intersection where the collision occurred under a green light. At the close of the trial the trial judge stated that he had no reason to suspect the credibility of either party. Thus, it was encumbent upon the trial judge to resort to the physical aspects of the collision in order to determine a preponderance of the evidence.
After a thorough review of the record in this case, we find no attendant significant physical evidence which supports a finding that the plaintiff proved by a preponderance of the evidence that he had the green light when entering the intersection.
The trial judge mentioned the location of the damage to the vehicles on three occasions. He stated that he denied the defendants’ motion for a directed verdict “because of the car pictures,” by which he meant the pictures of the damage to the plaintiff’s vehicle. In his oral reasons for judgment the trial judge stated that the damage to the vehicles indicated that Ms. Cooper’s vehicle struck plaintiff’s vehicle. He further stated that he had considered the damage to the vehicles in deciding that Ms. Cooper was at fault in the collision.
It seems obvious that there is no way to determine which party had the green light in an intersectional collision simply by determining that one vehicle’s front end struck the other vehicle’s side. The fact that a vehicle runs a red light does not determine whether that vehicle will strike a vehicle having the green light or whether it will be struck by a vehicle having the green light. Thus, the physical location of the damage to the vehicles in this case offers no significant physical evidence to corroborate either party’s testimony.
As previously discussed the trial judge then resorted to his own knowledge of the intersection in question. In his oral reasons for judgment he stated that he went through the intersection every other day when returning to work at noon. He further stated that the intersection is controlled by a traffic signal that is in sequence with the other traffic signals on Fourth Street and that if a vehicle traveling along Fourth Street was stopped by one traffic signal and thereafter traveled “anywhere from 25 to 30 mph,” then that vehicle would get a green light at every intersection. The trial judge then stated that the plaintiff had testified that “he. had been caught at one red light and continued *573 down Fourth Street with the lights changing to green as he went....” The trial judge obviously concluded that his experience with the traffic signals on Fourth Street was physical evidence which offered Corroboration for plaintiffs testimony. However, the trial judge overlooked the fact that the plaintiff himself testified on two occasions that he was traveling “around” twenty miles an hour and that that was the speed at which he normally drove in the city. This testimony of the plaintiff is in conflict with the trial judge’s experience that a speed of “anywhere from 25 to 30 mph” is required in order to get a green light at every intersection on Fourth Street.
Further, the accident report indicated that the plaintiff was traveling at an estimated speed of thirty miles per hour. However, the investigating officer stated he did not know how he had arrived at that estimated speed. In short, there was no physical evidence from which it could be determined that plaintiff was traveling at a speed which would allow him to get a green light at every intersection.
In addition, the trial court professed no knowledge as to whether the traffic lights on Fourth Street changed in the same sequence between seven and eight o’clock in the morning (the time the accident occurred) as they do at noon (the time the judge stated that he normally traveled on that street). Further, the trial judge professed no knowledge as to whether or not the traffic signals on Lee Street were synchronized.
The fact that the traffic lights on Fourth Street may have been synchronized does nothing to corroborate the testimony of the plaintiff or to impeach the testimony of Ms. Cooper.
We find that the testimony of the parties in this case is conflicting and irreconcilable and that the record reveals no reason to suspect the credibility of the witnesses. Further, the record reveals no attendant significant physical evidence. Thus, we must find that the plaintiff has failed to bear the burden of proof sufficient to constitute a preponderance of evidence that he entered the intersection where the accident occurred under a green light, and that the judgment of the trial court was manifestly erroneous.
For the above and foregoing reasons the judgment of the trial court is reversed. All costs are assessed to the plaintiff-appellee.
REVERSED.