627 So.2d 170 (1993)
Anthony R. WIEDEMAN, Jr.
v.
DIXIE ELECTRIC MEMBERSHIP CORPORATION, et al.
Deryl A. FALCON
v.
DIXIE ELECTRIC MEMBERSHIP CORPORATION.
Roger CONNER and Mona Conner
v.
Larry W. LAIRD, et al.
Nos. 93-CC-1314, 93-CC-1318 and 93-CC-1352.
Supreme Court of Louisiana.
November 29, 1993.
Rehearing Denied January 6, 1994.
*171 Steven R. Giglio, Kleinpeter, Schwartzberg & Stevens, for applicant.
John T. Roethele, Fayard, Harris, Roethele & Honeycutt, Norman P. Foret, McBride, Foret, Rozas & Leonard, Ronald A. Seale, Catherine S. Nobile, Donna Adorno, Seale, Smith, Zuber & Barnette, for respondent.
WATSON, Justice.[1]
In these consolidated cases, three plaintiffs injured in two motor vehicle accidents brought suit against the Department of Transportation and Development [DOTD]. At issue is interpretation of a federal statute, 23 U.S.C. § 409, which bars discovery and introduction into evidence of highway safety information compiled by the State.

FACTS
On May 23, 1989, Roger Conner's automobile struck a turning vehicle at the intersection of Gauthier Road and Lake Street in Lake Charles, Louisiana. Conner was severely injured and brought suit alleging, inter alia, that the intersection posed an unreasonable danger to motorists. During discovery, Conner obtained from DOTD traffic flow studies, traffic counts, accident reports and other reports and evaluations concerning the accident site. Conner sought to use the traffic studies and accident reports to show that the intersection warranted a four-way stop sign or signal because of traffic volume and accident frequency. The DOTD filed a motion in limine objecting to the documents' introduction into evidence. The trial court excluded the evidence pursuant to 23 U.S.C. § 409, which provides:
Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144 and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a *172 location mentioned or addressed in such reports, surveys, schedules, lists, or data.
As originally enacted in 1987, § 409 addressed only admissibility of evidence. In 1991, Congress amended the statute to preclude discovery as well. 23 U.S.C.A. § 409 (West Supp.1993) (effective December 18, 1991).
In a Livingston Parish intersectional collision on February 7, 1991, Anthony R. Wiedeman and Deryl A. Falcon were injured when a left-turning vehicle struck their motorcycle at the intersection of Louisiana Highways 64 and 1019. They sued DOTD, claiming that the intersection was defectively designed or, alternatively, inadequately signed or signaled. Plaintiffs propounded a number of interrogatories and requests for production to DOTD, seeking to discover, among other things, all records within DOTD's possession reflecting previous traffic accidents at the site for a five-year period, accident reports, other records relating to the scene in question, average daily traffic counts and miscellaneous design criteria. DOTD made a § 409 objection and also objected to several requests as unduly broad and burdensome.
Plaintiffs filed a motion to compel. The trial court ruled that § 409 only protects information compiled specifically for use in a planned or pending highway improvement project. Since a DOTD witness testified that there were no specific plans to improve or reconstruct the intersection at issue, DOTD had to comply with the majority of plaintiffs' requests. The court held that DOTD need not respond to several interrogatories and requests for production of documents which delved into planned improvements at other intersections.
The courts of appeal denied writs in each case. All parties applied for supervisory writs, which were granted to address § 409's effect on Louisiana civil procedure.

LAW
Plaintiffs argue that disposition of this dispute should be determined solely by state law. Louisiana Code of Civil Procedure Articles 1422 through 1425 govern the scope of discovery for Louisiana civil trials. In general, parties may discover any relevant, nonprivileged material, which is either admissible or reasonably calculated to lead to admissible evidence. LSA C.C.P. art. 1422. For admissibility, evidence must be relevant and not excluded by other positive law. LSA C.E. art. 402. Plaintiffs assert that the information at issue is relevant and admissible to show the dangerous condition of the accident sites and to show actual or constructive knowledge on the part of DOTD. Dill v. DOTD, 545 So.2d 994, 996 (La.1989); Lee v. Missouri Pacific R.R. Co., 540 So.2d 287, 292 (La.1989).
Despite the State's substantial interest, § 409's explicit preemptive language overrides conflicting state law by virtue of the Supremacy Clause. U.S. Const. art. VI, cl. 2; Jones v. Rath Packing Co., 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604, 613 (1977). Section 409 controls. Beecher v. Keel, 607 So.2d 549 (La.1992). See also Claspill v. Missouri Pacific Railroad Company, 793 S.W.2d 139, 140 (Mo. banc 1990).
Since preemption is never presumed, § 409 must be construed restrictively to prohibit only what is expressly proscribed. Rath Packing Co., 430 U.S. at 525, 97 S.Ct. at 1309. Nevertheless, DOTD correctly asserts that the Wiedeman trial court unduly limited the statute's scope. While the trial court correctly interpreted the latter part of § 409 as protecting documents involving an actual construction project, the court failed to consider the remaining documents shielded by § 409, namely, those compiled "pursuant to sections 130, 144, and section 152 of this title." These three sections impose certain investigative and reporting requirements on states participating in federal highway aid programs.
23 U.S.C. § 130 requires that participating states "conduct a survey of all highways" to identify hazardous railroad crossings, and "establish and implement a schedule" of corrective projects. 23 U.S.C. § 144 requires that states "make application to the Secretary for assistance in replacing or rehabilitating... highway bridge[s]" which are eligible for aid under a priority system established in cooperation with the Secretary.
*173 Section 152, relative to highway improvements, requires that participating states "maintain an engineering survey ... assign priorities ... and implement a schedule of projects." It mandates "an evaluation process... which shall develop cost-benefit data." Finally, states must "report to the Secretary of Transportation" on an annual basis. 23 U.S.C. § 152 (emphasis added). Section 409 incorporates § 152 (by reference) and protects the compiled documents from use in civil trials. Beecher, 607 So.2d at 549. Thus, in addition to determining whether an item of evidence was compiled "for the purpose of developing any highway safety improvement project," the trial court must decide whether the item is one of those enumerated in § 152.
DOTD argues for an even more expansive interpretation that would protect data and raw facts as well as the written documents incorporating the data. DOTD essentially asks this Court to transform a statute, which by its literal wording protects information compiled for certain purposes, into one which protects all information in DOTD's possession. We refuse. The word "compiled" indicates that information is collected into one document or composed from other sources. [See Webster's New Collegiate Dictionary p. 230, (1977).] The term suggests an end product, something more than unedited factual material. Moreover, privileges derogate from the system by which courts determine the truth and should not be expansively construed. United States v. Nixon, 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039, 1065 (1974). Section 409 creates a privilege for compilations enumerated in the statute, but the privilege does not extend to reports and data gathered for or incorporated into such compilations.
In so holding we are mindful that § 409 forms part of a comprehensive federal plan to promote highway safety. See 23 U.S.C. § 402. Little can be gleaned from the statute's sparse legislative history [see H.Conf. Rep. No. 100-27, reprinted in 1987 U.S.Code Cong. & Admin.News 66, 156-157], but one court has reasonably concluded that § 409 was enacted "to facilitate candor in administrative evaluations of highway safety hazards." Duncan v. Union Pacific Railroad Co., 790 P.2d 595, 597 (Utah App.1990). A rule which requires DOTD to divulge source data but not the end product fosters candor by shielding the state's self-critical evaluations and conclusions from outside scrutiny. It also accords with Louisiana's strong interest in fully and fairly adjudicating matters before its courts and the concomitant need to facilitate open and evenhanded development of the facts underlying a dispute.
To recapitulate, the following are discoverable and admissible:
(1) accident reports;
(2) traffic counts; and,
(3) other raw data collected by the Department.
The following are not:
(1) surveys to identify hazardous railroad crossings and improve them (§ 130);
(2) applications for federal assistance in replacing or rehabilitating highway bridges (§ 144);
(3) studies assigning priorities and schedules of projects for highway improvement (§ 152); and,
(4) other compilations made for developing highway safety construction projects which would utilize Federal-aid funds (§ 409).
Plaintiffs Wiedeman and Falcon argue that the discovery prohibition, added to § 409 in 1991, should not be applied retroactively to their cause of action which arose in 1989. A change in federal procedural law applies retroactively, absent a contrary legislative mandate or manifest injustice. Bradley v. School Board of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476, 488 (1974). Section 409 does not indicate that it was meant to apply only prospectively. Manifest injustice does not result since plaintiffs may access the underlying facts which might prove their claim.

CONCLUSION
For the foregoing reasons, the rulings of the trial court are vacated and the cases are remanded for further action in conformity with this opinion.
*174 RULINGS VACATED AND CASES REMANDED.
KIMBALL, J., joins the opinion but assigns additional reasons.
KIMBALL, Justice, concurring.
I concur in the opinion but write additionally to note that in my opinion, the majority's statement concerning the discoverability and admissibility of accident reports, traffic counts, and other raw data collected by the Department should be construed to refer only to the discoverability and admissibility of such information under 23 U.S.C. § 409.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Calogero, C.J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).