721 So.2d 557 (1998)
Maria E. PALACIOS, Individually and on Behalf of her minor children, Jenny Garcia, Jose Garcia, Cynthia Palacios and Jennifer Palacios, PlaintiffsAppellees,
v.
LOUISIANA AND DELTA RAILROAD, INC., et al., DefendantsAppellants.
No. W98-258.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*558 Leonard Louis Levenson, Charles Benjamin Landry, New Iberia, Zara Zeringue, Belle Chasse, for Maria E. Palacios.
John Felton Blackwell, for Louisiana and Delta Railroad, Inc., et al.
Stacey Allen Moak, Baton Rouge, for State.
Leon Joseph Minvielle, III, New Iberia, for City of Jeanerette.
Michael Patrick Corry, Lafayette, for National Security Fire & Casualty Company.
Kyle Liney Mark Gideon, Lafayette, for Southern Pacific Transportation Company.
Before THIBODEAUX, COOKS and WOODARD, JJ.
THIBODEAUX, Judge.
Maria Palacios seeks supervisory relief from a trial court judgment in favor of the State of Louisiana, through the Department of Transportation and Development (hereinafter "DOTD"), which held that certain DOTD reports and other data were shielded from discovery by virtue of 23 U.S.C. § 409. After reviewing Ms. Palacios' motion to compel discovery, upon remand from the Louisiana Supreme Court, the trial court determined that the requested documents fell within the immunized protection of 23 U.S.C. § 409 and were, thereby, not subject to discovery nor admissible as evidence.
Based on the following reasons, we reverse the judgment of the trial court, grant the plaintiff's writ application, but remand for further proceedings to allow the state the opportunity to present evidence to support its assertion that the requested materials are immunized from discovery.

I.

ISSUE
We shall consider whether the trial court erred in ruling that requested DOTD reports, surveys, and other data were statutorily protected from discovery in a Louisiana state court proceeding pursuant to 23 U.S.C. § 409.

II.

FACTS
This is the second occasion in which this court has granted supervisory writs to review a ruling of the trial court in this suit.[1] The factual and procedural circumstances have been fully recited in a prior opinion.[2] Thus, we shall recount only those facts which are pertinent to our review of this matter.
On May 2, 1994, Maria Palacios was traveling northerly on Monnet Road in Jeanerette, Louisiana. As she attempted to cross an intersection situated on Monnet Road, Ms. Palacios' vehicle was struck by an oncoming train which operated under the authority and ownership of Louisiana and Delta Railroad, Inc. In light of the damages she sustained, the plaintiff, Ms. Palacios, subsequently filed negligence and strict liability claims against Louisiana and Delta Railroad, Inc. and DOTD.
Thereafter, DOTD filed a motion for summary judgment asserting that it was an improper party to the suit and that it was not responsible for the maintenance of a railroad crossing sign or signal at the site of the accident. In opposition to DOTD's motion for summary judgment, the plaintiff sought discovery of certain materials and documents from DOTD. DOTD refused the plaintiff's discovery requests by invoking its claimed privileged immunity from such discovery in *559 accordance with 23 U.S.C. § 409. Ms. Palacios then filed a motion to compel discovery against DOTD.
After reviewing the evidence, the trial court ruled that DOTD must comply with the plaintiff's request for discovery and production of documents. The trial court reasoned that the requested documents were discoverable. Upon appeal to this court, the ruling of the trial court was affirmed. DOTD applied for writs to the Louisiana Supreme Court, and supervisory review of the trial court ruling was granted. The Supreme Court vacated the ruling of the trial court and remanded the case to the trial court to determine which, if any, of the requested documents are shielded by 23 U.S.C. § 409 from the discovery process. Palacios v. Louisiana and Delta Railroad, Inc., 96-2756 (La.1/10/97); 685 So.2d 132.
On September 25, 1997, an evidentiary hearing was held. The trial court determined that the requested documents fell within the statutory immunity of 23 U.S.C. § 409 and that such documents were not subject to discovery. The trial court thereby denied the plaintiff's motion to compel discovery. From this judgment, the plaintiff seeks supervisory relief from this court.

III.

LAW & DISCUSSION

The Applicability of 23 U.S.C. § 409
The plaintiff contends that the trial court erred in ruling that the requested DOTD documents fell within the statutory immunity of 23 U.S.C. § 409 and, thus, erred in denying the plaintiff's motion to compel discovery. Specifically, the plaintiff argues that DOTD cannot avail itself to the immunity privilege under 23 U.S.C. § 409 because DOTD did not expressly state its intention to conduct surveys pursuant to 23 U.S.C. § 130 nor to appropriate any federal funds for highway safety construction or improvement of the subject roadway, as mandated by 23 U.S.C. § 409. Therefore, the plaintiff contends that the privilege under 23 U.S.C. § 409 is inapplicable, and that the reports, surveys, and other data collected or compiled by DOTD should not be precluded from the discovery process. We agree.
In pertinent part, regarding the discovery and admission as evidence of certain data, reports, and surveys, 23 U.S.C. § 409[3] reads as follows:
Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
(footnote omitted).
Prior to the 1995 amendment to 23 U.S.C. § 409, the Louisiana Supreme Court held that "Section 409 creates a privilege for compilations enumerated in the statute, but the privilege does not extend to reports and [raw] data gathered for or incorporated into such compilations." Wiedeman v. Dixie Electric Membership Corp., 627 So.2d 170, 173 (La.1993). At the time of the Supreme Court's review of Wiedeman, 23 U.S.C. § 409 simply excluded from discovery all compilations made for the purpose of identifying, evaluating, or planning highway safety construction and improvements.
The Louisiana Supreme Court determined that accident reports, traffic counts, and other raw data collected by DOTD to produce these compilations were all discoverable and admissible as evidence within Louisiana state courts. Id. However, the Supreme Court did preclude the following compilations from discovery and deemed them inadmissible:

*560 1) surveys to identify and improve hazardous railroad crossings ( [23 U.S.C.] Sec. 130);
2) applications for federal assistance in replacing or rehabilitating highway bridges ( [23 U.S.C.] Sec. 144);
3) studies assigning priorities and schedules of projects for highway improvement ([23 U.S.C.] Sec. 152); and
4) other compilations made for developing highway safety construction projects which would utilize Federal-aid funds ( [23 U.S.C.] Sec. 409).
Id.
However, post-Wiedeman, on November 28, 1995, Congress amended 23 U.S.C.§ 409, through Pub.L. 104-59, § 323, to include the words "or collected" after "compiled." The amendment precluded the discovery and admission as evidence any compilations, or any raw data, reports, or surveys collected for production of these compilations, which are utilized in the development of highway safety construction improvement projects, as mandated by section 409. The amendment served to expand the scope of statutory immunity encompassing any data compiled or collected in the furtherance of state highway safety projects which are either implemented with federal funds or initiated pursuant to 23 U.S.C. §§ 130, 144, or 152.
Further, in Reichert v. State, Dept. of Transp. and Dev., 96-1419 (La.5/20/97); 694 So.2d 193, the Louisiana Supreme Court interpreted the 1995 amendment to 23 U.S.C. § 409 as providing statutory immunity to DOTD regarding the discovery of all data which DOTD compiled or collected pursuant to section 409. The Supreme Court retroactively applied section 409 and held that "section 409 bars discovery and introduction into evidence of all highway safety information collected or compiled by the State [of Louisiana, DOTD,] for the purpose of obtaining federal funds to enforce [highway] safety." Id. at 197.
In light of the 1995 amendment to 23 U.S.C. § 409 and the Supreme Court's decision in Reichert, we determine that reports, surveys, and other data compiled or collected pursuant to section 409 are statutorily protected from discovery and admission as evidence in a Louisiana court proceeding, provided the data and reports are compiled or collected for the purpose of developing highway safety construction or improvement projects which are either implemented with federal funds or initiated by 23 U.S.C. §§ 130, 144, or 152. Solely under these narrow circumstances may a state agency such as DOTD invoke the privilege set forth in 23 U.S.C. § 409.
Therefore, in the present suit, the crucial inquiry becomes whether or not the documents and data which are sought by the plaintiff fall within either of the above categories as to garner the statutory immunity of 23 U.S.C. § 409. The defendant asserts that the requested documents and data are shielded from discovery by the immunity privilege under section 409 because the data was compiled or collected pursuant to 23 U.S.C. § 130.
Generally, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, an appellate court may find manifest error even in a finding purportedly based upon a credibility determination. Rosell v. ESCO, 549 So.2d 840 (La.1989). Moreover, an appellate court, sitting as fact finder, has great discretion regarding the weighing and crediting of evidence where there are two permissible views of the evidence. Rosell v. ESCO, 549 So.2d 840 (La. 1989); See also La. Const. art. V, § 10(b).
Additionally, where the significant testimony tendered by the parties is conflicting and irreconcilable and the court has no reason to suspect the credibility of the witnesses, then resort must be had to the physical aspects in determining a preponderance of evidence. Should there be no attendant significant physical evidence, then the court must find that the proponent has failed to bear the burden of proof sufficient to constitute a preponderance of evidence. (footnotes omitted).
Dwellingham v. Cooper, 540 So.2d 570, 572 (La.App. 3 Cir.), rev'd on other grounds, 545 So.2d 1046 (La.1989), citing Williams v. Bulk *561 Transport, Inc., 266 So.2d 472 (La.App. 4 Cir.1972) (footnotes omitted); see also CNG Producing Co. v. Sooner Pipe & Supply Co., 483 So.2d 1215 (La.App. 4 Cir.), writ denied, 488 So.2d 692 (La.1986); Faulk v. Liberty Mutual Ins. Co., 326 So.2d 507 (La.App. 3 Cir.1976).
Contrary to the defendant's assertions, we find insufficient evidence in the record to trigger the immunity privilege under 23 U.S.C. § 409. We note that, despite the testimony of DOTD officials, the record is devoid of empirical evidence supporting the defendant's assertions that safety studies and surveys were conducted on the subject railroad crossing pursuant to 23 U.S.C. § 130. At trial, the defendant failed to produce any empirical evidence of these alleged reports and surveys. Absent such empirical data, the testimony of DOTD's officials to that effect equates to unsubstantiated assertions.
Except for the bare assertions of DOTD witnesses, we have found nothing in the record evidencing any safety studies or reports initiated by DOTD under 23 U.S.C. § 130 or supporting the testimony of DOTD witnesses. We determine that the defendant's assertions, without the backing of empirical data, are insufficient to warrant the exclusion of the requested data and reports from discovery. We determine that the defendant has failed to show, by a preponderance of the evidence, sufficient proof to justify the imposition of the immunity privilege under 23 U.S.C. § 409.
In our weighing of the evidence, we find that the lone assertions of DOTD's witnesses are insufficient to warrant the preclusion of DOTD's reports and surveys from discovery under the immunity privilege under 23 U.S.C. § 409. In the interest of justice and considering that this is an emerging area in the jurisprudence, we elect to remand this case to the trial court to give DOTD an opportunity to present empirical data to support the naked assertions of its officials. Without such evidence, we are unable to determine whether the data which DOTD claims is privileged fall within the purview of 23 U.S.C. § 130. Our role, thus, as a reviewing court, is abrogated. We know of no other instance where the party asserting a privilege is allowed unfettered authority, without meaningful judicial scrutiny, to decide what falls within the ambit of privilege and then say "that's that."
Alternatively, the plaintiff argues that, when invoked by DOTD, the privilege created by 23 U.S.C. § 409 constitutes a violation of La. Const. art. I, §§ 1, 3, and 22, as well as, art. XII § 10(A) and U.S. Const. amend. V and XIV denying equal protection, due process of law, and an adequate remedy for the plaintiff. The plaintiff also asserts a constitutional violation of the sovereign immunity of the State of Louisiana, as protected by U.S. Const. amend. X. However, in view of our conclusion, these constitutional arguments need not be addressed at this time.

IV.

CONCLUSION
Based on the foregoing reasons, we conclude that the evidence supporting the immunity privilege under 23 U.S.C. § 409 is insufficient to invoke the protections of that statute. Therefore, we reverse the judgment of the trial court which denied the plaintiff's motion to compel discovery and excluded certain requested DOTD reports, surveys, and other data from discovery. We remand to allow DOTD the opportunity to present empirical evidence in support of its assertion. All costs associated with the appeal of this ruling are to be assessed against the defendant-appellee, DOTD.
WRIT GRANTED AND MADE PEREMPTORY AND THE CASE REMANDED TO THE TRIAL COURT.
THIBODEAUX, J., concurs in part, dissents in part and assigns reasons.
WOODARD, J., concurs in the result.
THIBODEAUX, Judge, concurring in part and dissenting in part.
I agree wholeheartedly with the views expressed by the majority with the exception of its decision to remand for the purpose of allowing the presentation by DOTD of empirical *562 evidence to support its claims of protection under 23 U.S.C. § 409. DOTD is the party which asserted that the provisions of 23 U.S.C. § 409 shield the requested information from discovery. The fact that this is "an emerging area in our jurisprudence" does not provide the basis for the additional opportunity to present evidence which DOTD was bound to present in the first place.
For the foregoing reasons, I dissent from only that portion of the majority opinion mentioned above.
NOTES
[1] See Palacios v. Louisiana and Delta Railroad, Inc., 96-292 (La.App. 3 Cir. 10/17/96); 682 So.2d 806, writ granted, judgment vacated, 96-2756 (La.1/10/97); 685 So.2d 132.
[2] Id.
[3] As amended by Pub.L. 104-59, Title III, § 323, 109 Stat. 591 (1995).