775 So.2d 698 (2000)
Maria E. PALACIOS, et al.
v.
LOUISIANA AND DELTA RAILROAD, INC., et al.
No. 00-00971.
Court of Appeal of Louisiana, Third Circuit.
December 29, 2000.
Rehearing Denied January 31, 2001.
*699 John Felton Blackwell, Attorney at Law, New Iberia, LA, Counsel for Louisiana and Delta Railroad, Inc.
Leonard Louis Levenson, Weigand, Levenson, & Costa, New Orleans, LA, Counsel for Jose Garcia, Jennifer Palacios, Maria E. Palacios, Cynthia Palacios, Jenny Garcia.
Stacey Allen Moak, Attorney at Law, Baton Rouge, LA, Counsel for State of Louisiana.
Leon Joseph Minvielle III, Haik, Minvielle & Grubbs, New Iberia, LA, Counsel for City of Jeanerette.
Kyle Liney Mark Gideon, Davidson, Meaux, etc., Lafayette, LA, Counsel for Southern Pacific Transportation Co.
Charles Benjamin Landry, Landry & Watkins, New Iberia, LA, Counsel for Jose Garcia, Maria E. Palacios, Cynthia Palacios, Jenny Garcia, Jennifer Palacios.
Michael Patrick Corry, Briney & Foret, Lafayette, LA, Counsel for National Security Fire & Cas. Co.
Court composed of Judge ULYSSES GENE THIBODEAUX, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS.
DECUIR, Judge.
Plaintiff, Maria Palacios, individually and on behalf of her minor children, seeks supervisory relief from a trial court judgment upholding the constitutionality of 23 U.S.C. § 409, thereby precluding plaintiff from discovering certain evidence claimed to be vital to her case. Finding ourselves in the anomalous position of determining the constitutionality of a federal statute, we have reviewed the arguments asserted herein and affirm the ruling of the trial court.
*700 The case arises from a 1994 automobile and train collision at the Monnet Road crossing in Jeanerette, Louisiana. Ms. Palacios, the driver of the automobile, was injured in the collision and, as a result, filed suit against the railroad, the State of Louisiana through the Department of Transportation and Development (DOTD), and others who are not presently before the court. During the course of discovery, Palacios moved to compel the production of DOTD's records pertaining to the Monnet Road crossing. DOTD opposed the discovery requests on the basis of 23 U.S.C. § 409, which provides as follows:
§ 409. Discovery and admission as evidence of certain reports and surveys Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
The plaintiff challenges the constitutionality of Section 409 on two grounds. First, she asserts that application of the statute deprives her of due process and an adequate remedy under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Sections 2, 3, and 22 of Article I of the Louisiana Constitution. She further contends that 23 U.S.C. § 409 violates the Tenth Amendment to the U.S. Constitution and contravenes Article 12, § 10 of the Louisiana Constitution, which provides that neither the State nor any state agency shall be immune from suit and liability for injury to person or property. She also asserts vagueness and overbreadth arguments and contends that the statute can be constitutionally applied only in those instances where federal funds have actually been used, not in situations involving mere study and possible future federal funding of highway improvements.
Our consideration of this matter marks the third time we render a decision in this case. Initially, the trial court ordered DOTD to comply with Palacios' discovery requests. Citing Wiedeman v. Dixie Electric Membership Corp., 627 So.2d 170 (La. 1993), cert. denied, 511 U.S. 1127, 114 S.Ct. 2134, 128 L.Ed.2d 864 (1994) and Miguez v. Southern Pacific Transportation Co., 94-323 (La.App. 3 Cir. 10/5/94); 645 So.2d 1184, the trial court concluded that 29 U.S.C. § 409 did not bar the discovery of raw data collected by DOTD as part of the federal railroad crossing upgrade program. On writ to this court, we determined that the trial court's ruling was correct and specifically held that the amendment to Section 409 which added the words, "or collected," to the type of data which is precluded from discovery did not effectively overrule the holdings of Wiedeman and Miguez because of a plaintiff's paramount right to discover relevant information. See Palacios v. Louisiana & Delta R.R., Inc., 96-292 (La.App. 3 Cir. 10/17/96); 682 So.2d 806.
DOTD appealed this decision to the supreme court, and it was reversed. In Palacios v. Louisiana & Delta Railroad, Inc., 96-2756 (La.1/10/97); 685 So.2d 132, the court vacated the judgment of this court and remanded the discovery question to the trial court for a determination of which requested documents, if any, fell within the parameters of 23 U.S.C. § 409. After an evidentiary hearing, the trial court concluded that all of the disputed items were subject to the protection of Section 409. The ruling was brought before this court in a writ application, and we *701 reversed the trial judge, finding the record void of empirical data which could support the bare assertions of DOTD officials. See Palacios v. Louisiana & Delta R.R., Inc., 98-258 (La.App. 3 Cir. 10/28/98); 721 So.2d 557.
DOTD again successfully appealed to the supreme court. The decision rendered in Palacios v. Louisiana & Delta Railroad, Inc., 98-2932 (La.7/2/99); 740 So.2d 95, reversed the judgment of the appellate panel, finding sufficient evidence to exclude DOTD's file from discovery pursuant to the provisions of 23 U.S.C. § 409. The case was remanded to the district court for consideration of the constitutional arguments raised by Palacios. On remand, the trial court determined that Section 409 is not unconstitutional and reasoned:
[T]he plaintiff has not convinced this Court that 23 U.S.C. § 409 is unconstitutional on its face.
. . . .
Plaintiff is not barred completely from gathering information of accidents, but must seek it through other avenues of discovery. This does not bar the plaintiff from gathering raw data compiled independent of the federal railroad safety program. Miguez v. Southern Pacific Transp. Co., La.App. 3 Cir.1994, 645 So.2d 1184, 94-323 (La.App. 3 Cir. 10/5/94), rehearing denied. The State/ DOTD is not preventing plaintiff's ability to seek discovery. Plaintiff has not proven to this Court that DOTD is essentially immune. Plaintiff has not proven that the DOTD is hiding behind a blanket of secrecy in an effort to hide fault of others, or to hide the source or purpose of the information. Plaintiff has not proven to this Court that this is the sole source of the information and that no other means may be used to seek the information.
In regard to plaintiff's contention that the most recent amendment to 23 U.S.C. § 409 violates the 10th Amendment of the United States Constitution and Article 12 § 10 of the Louisiana State Constitution, plaintiff asserts that § 409 has created a sphere of unregulable [sic] state activity where DOTD would be immune from any wrongdoing. Under Article XII § 10(A) of the Louisiana State Constitution, the state, nor any political subdivision of the state can be immune from suit and liability for injury to a person or property. This Court is not of the belief that the state nor DOTD is immune in this instant case.
A compelling state interest may justify an intrusion upon the right of access to the court. Ryland v. Shapiro, 708 F.2d 967 ([5th] Cir.1983), on remand, 586 F.Supp. 1495. Plaintiff makes the argument that DOTD's interpretation of 23 U.S.C. § 409 establishes immunity to anyone and everyone for any wrongdoing without any showing of a compelling state interest. The compelling state interest in this matter is the purpose of the Act, to protect citizens in traveling as well as to upgrade the public roads, thus increasing efficiency, economy, safety, and our national defense. Wiedeman at 173. This is a compelling interest.
For the above reasons, this Court finds that 23 U.S.C. § 409 is not unconstitutional. Plaintiff has failed to prove otherwise. Therefore, the federal law does preempt the state law of discovery in this matter and plaintiff will have to use alternative sources to obtain the information sought.
We are called upon to address the constitutionality of a preemptive federal statute which affects state court proceedings. The statute has been held constitutional under the supremacy clause of the U.S. Constitution as a valid intrusion on the state's regulation of its court system. Martinolich v. Southern Pacific Transp. Co., 532 So.2d 435 (La.App. 1 Cir.1988), writ denied, 535 So.2d 745 (La.1989), cert. denied, 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1027 (1989). Federal jurisprudence upholds the constitutionality of Section 409 as violative of neither procedural *702 due process nor the right of access to the courts. Gaubert v. Denton, No. 98-2947, 1999 WL 350103 (E.D.La. May 28, 1999). In Gaubert, the parties were litigating a matter in state court involving DOTD when the constitutionality of 23 U.S.C. § 409 arose. The parties sought a stay of the state court proceedings, then filed a declaratory judgment action in federal court to determine constitutionality. The federal court held:
In the instant case, Congress has created an express, statutory privilege preventing Gaubert from discovering or admitting into evidence certain traffic safety records held by the Louisiana Department of Transportation and Development. The Louisiana Supreme Court has narrowly construed this privilege. See Palacios, 721 So.2d at 560-61. Every court that has considered the privilege, both federal and state, has concluded that it serves the legitimate purpose of fostering the collection and evaluation of highway safety information free from the threat of future tort actions. As discussed earlier, Sections 402(k) and 409 do not prohibit Gaubert from discovering and admitting the facts underlying his claims, but merely prevent him from relying on the Louisiana Department of Transportation and Development for his discovery. This Court finds that Sections 402(k) and 409 do not violate Gaubert's rights to procedural due process and access to the courts. Accordingly, these claims must be dismissed. [Footnotes omitted.]
Id. at p. 9. While we do not ordinarily cite unpublished opinions, we do so in this case because we find a federal court's pronouncement of the constitutionality of the pertinent federal statute as applied in a Louisiana state court case persuasive commentary on the issue before us now.
The supreme court has espoused that 23 U.S.C. § 409 was intended to "foster the free flow of safety-related information by precluding the possibility that such information later would be admissible in civil suits." Reichert v. State, Dep't of Transp. and Dev., 96-1419 (La.5/20/97); 694 So.2d 193, 197, quoting Perkins v. Ohio Dept. of Transp., 65 Ohio App.3d 487, 584 N.E.2d 794 (1989). Characterizing the right to discover and introduce evidence as "clearly a procedural right," the Reichert court held that the plaintiff was "not deprived of a constitutionally vested right when deprived of the evaluations and recommendations of the DOTD," as a result of retroactive application of the amended version of the statute. Id. at 199.
In Dowell v. State Dep't of Transp. & Dev., 33,094 (La.App. 2 Cir. 2/1/00); 750 So.2d 498, 500, writs denied, XXXX-XXXX, XXXX-XXXX (La.4/20/00); 760 So.2d 1161, 1162, the second circuit determined that 23 U.S.C. § 409 was enacted to promote "candid evaluation and correction of highway and railway safety hazards." By contrast, application of the statute creates an evidentiary privilege which necessarily is in derogation of the search for truth. United States v. Nixon, 418 U.S. 683, 710 n. 18, 94 S.Ct. 3090, 3108 n. 18, 41 L.Ed.2d 1039 (1974). Consequently, the statute must be construed restrictively to prohibit only the information that is expressly described therein. See Irion v. State, Through Dep't of Transp. and Dev., 98-2616 (La.App. 1 Cir. 5/12/00); 760 So.2d 1220; Sevario v. State Through Dep't of Transp. and Dev., 98-1302 (La.App. 1 Cir. 11/10/99); 752 So.2d 221, writ denied, XXXX-XXXX (La.4/7/00); 759 So.2d 760.
In the instant case, the supreme court has already determined the parameters of the data which DOTD can properly exclude from discovery requests. Palacios requested the production of federal inventories, accident histories, and plans for improvement to the crossing, as well as a description of the contents of DOTD's file. The court found all of the requested information was subject to the provisions of Section 409. Palacios, 740 So.2d 95. We are called upon to decide if the application of the parameters defined by the supreme court is unconstitutional.
*703 Palacios' due process arguments focus on the evidence at issue. She seems to presuppose that the data she seeks to discover is exclusively in the hands of DOTD. To the contrary, the very nature of the data, and the fact that it has necessarily been compiled from various sources indicates that the data will be undoubtedly discoverable from other sources. Rather than focusing on the evidence, Palacios need only turn her glance to other entities that may be able to provide her with the information she seeks. Her constitutional rights to due process and an adequate remedy, then, are not abrogated.
Nor do we find 23 U.S.C. § 409 to be an unconstitutional infringement on states' rights or on the rights of Palacios and similarly situated plaintiffs. In Martinolich, 532 So.2d 435, 438, the court concluded that Section 409 "operates to supersede rules governing a fundamental state function" and explained why that intrusion was permissible:
A state's regulation of its court system is in our opinion as fundamental a function of its sovereignty as the normal exercise of its police power even in matters concerning the health and safety of its citizens. Congress' intrusion, in this instance, however, is constitutionally permissible because Louisiana's participation in the federal funding scheme is voluntary; because the improvement of state highways with federal funds is in pursuit of "[providing] for the general welfare" as provided in U.S. Const. Art. I, § 8, cl. 1 ("spending power"); because it is clear that participation in the funding program requires acquiescence to the intrusion; and, finally, because the intrusion is related to a valid federal interest (inasmuch as 23 U.S.C. § 409 encourages participation in a scheme that ensures, by prioritization, deliberative spending of federal funds). South Dakota v. Dole, 483 U.S. 203, 107 S.Ct. 2793, 2796, 97 L.Ed.2d 171 (1987).
Id. We agree with this analysis and find no violation of the Tenth Amendment by application of 23 U.S.C. § 409. Additionally, we find no merit to Palacios' contention that application of 23 U.S.C. § 409 renders DOTD immune from suit.
Palacios' final argument is the assertion that Section 409 is unconstitutionally vague and overbroad only when it applies to cases which do not involve the use of federal funds for the highway accident site in question. We find no merit to this argument. The stated purpose of the data subject to the exclusion is to identify, evaluate, or plan the safety enhancement of potential accident sites. Thus, such data would include not only documents which ultimately affected a federally funded project, but also those that are in the course of being compiled for a proposed project, those that are compiled for future consideration, and those pertaining to a project that has been rejected for federal funding but may be reconsidered. These and other scenarios do not render the language of Section 409 unconstitutionally vague or overbroad.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Maria Palacios.
AFFIRMED.
PETERS, J., Concurs in the result.
THIBODEAUX, J., dissents and assigns written reasons.
THIBODEAUX, J., dissenting.
Two fundamental tenets of Louisiana constitutional law are that a citizen cannot be deprived of property except by due process of law and that every person shall have an adequate remedy by due process of law for injury to his person or property. La. Const. art. 1, § 2; La. Const. art. 1, § 22. The Fourteenth Amendment to the United States Constitution provides that all persons shall be created equal and shall not be deprived of rights without due process of law. 23 U.S.C. § 409 flies in the face of these state and federal constitutional *704 protections. La. Const. art. 1, § 22 poignantly and emphatically provides not solely a remedy but an adequate remedy. It is specious for the state to argue, and the majority to sanction, that a litigant is not foreclosed from the procedural discovery protections provided by our civil law system when that litigant's efforts are frustrated by the overbroad barriers of 23 U.S.C. § 409. The litigant's access to the court is nothing more than a hollow, empty ideal whose promise is never effectuated.
The majority observes that the data which the plaintiff seeks may be discoverable from other sources. It fails to disclose or suggest those other sources. Indeed, recent jurisprudence suggests that even if Ms. Palacios "turn[s] her glance to other entities," she would be foreclosed from obtaining vital information. For instance, in Long v. State of Louisiana, DOTD, 32,124 (La.App. 2 Cir. 8/18/99); 743 So.2d 743, the Second Circuit concluded that a letter from a mayor to DOTD indicating that there had been a fatal accident at a crossing was not discoverable. Presumably, this means that the mayor could not testify about having written a letter to DOTD nor could the mayor testify regarding the contents of the letter to DOTD because this would be "data compiled or collected for the purpose of planning the safety enhancement of potential accident sites." Additionally, at oral argument, counsel for DOTD indicated that a plaintiffs interrogatory directed to DOTD requesting the names of any persons or entities who had knowledge of reports or data prepared in connection with relevant federal safety programs would be met with objections. The practical effect of this blanket prohibition under 23 U.S.C. § 409 is to unashamedly and unconstitutionally deprive one of an adequate remedy by due process of law.
For the foregoing reasons, I respectfully dissent.