liWICKER, Judge.
Plaintiffs appeal the granting of a partial summary judgment in their wrongful death suit resulting from an automobile-train collision. We reverse the partial summary judgment and remand for further proceedings.
Richard Cambre was killed on August 28, 1993 when his automobile was struck by a sixty-mile-an-hour train at a railroad crossing on Little Farms Avenue in Jefferson Parish. Cambre’s parents filed suit against National Railroad Passenger Corporation, Illinois Central Railroad Company, and the Louisiana Department of Transportation and Development (“DOTD”).
DOTD filed a motion for partial summary judgment, asserting plaintiffs’ demand against it should be dismissed because (1) the accident occurred on a parish road, which DOTD asserts it had no duty to maintain or mark, and (2) federal law preempts plaintiffs’ claims under state law.
The trial court granted summary judgment in favor of DOTD on the ground that the *238 roadway was a parish road. Because the motion for summary judgment had been granted the court pretermitted the issue of federal preemption. Plaintiffs filed a motion to reconsider the summary judgment or for a new trial, which was denied. Plaintiffs have appealed.
On appeal plaintiffs contend the trial court erred in granting summary judgment as to DOTD based on the issue of ownership of the roadway. They argue that ownership of |2the roadway was immaterial to DOTD’s liability because DOTD had assumed the duty to upgrade the Little Farms Avenue railroad crossing in its entirety.
In response, DOTD contends the State is not responsible for accidents which occur on roadways within the control of the parish which are not part of the state highway system. Specifically, although a portion of the road known as Little Farms Avenue is designated as a state highway, that designation ends north of the railroad right-of-way and does not extend to the point where the accident occurred. DOTD also argues that state tort law is preempted by federal law because federal funds were used to pay for a study of the upgrade of the railroad crossing at that site.
We find the trial court erred in granting the partial summary judgment because DOTD has failed to show it was entitled to judgment as a matter of law, based on certain facts which are disputed.
La. R.S. 32:235(B) requires that “[l]oeal municipal and parish authorities in their respective jurisdictions ... place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary_” Under this statute, the parish is responsible for traffic controls on parish roadways. However, on the face of the record here it appears that DOTD had assumed liability for traffic controls on the railroad crossing in this case. In ruling that parish ownership of the roadway was the deciding factor, the court ignored the rulings in recent cases cited by plaintiffs.
In Rick v. State, Dept. of Transp. and Dev., 93-1776 (La.1/14/94), 630 So.2d 1271, the Louisiana Supreme Court held that where DOTD assumes a duty to upgrade a railroad crossing it is unnecessary to decide whether DOTD had an affirmative duty to upgrade or maintain the crossing in question. • In that case DOTD selected the crossing for improvement two years prior to the accident. The project was scheduled to include active warning devices, automatic signal lights and automatic gates, plus rubber mats to smooth the rough surface. The project was never begun, however, because the railroad did not approve the upgrade until approximately two months after the accident. Nevertheless, the | .-¡court held that liability attached because “[o]nee a duty is assumed, negligent breach of that duty may create liability.” 630 So.2d at 1275. ,
Similarly, in Archon v. Union Pacific R.R., 94-2728 (La.6/30/95), 657 So.2d 987, our supreme court held that DOTD had a duty to install active warning devices at the railroad crossing. The court relied on a series of agreements between the Department of Highways (predecessor to DOTD) and the railroad company, together with DOTD’s acknowledgment that flashing lights were required at the location. The court ruled that DOTD had breached this duty by its failure to install these devices timely and that the breach was a cause-in-fact of Archon’s death. 657 So.2d at 990.
The Archon court acknowledged that the police jury or other parish governing authority ordinarily would be responsible for placing and maintaining all traffic signs and controls on parish roads. Id. Over the course of time, however, DOTD had entered into several agreements with the railroad to improve and upgrades crossings and safety signals. In view of these agreements the court concluded:
By entering into these agreements with the Railroad, DOTD assumed a contractual duty to warm the motoring public of hazards at the Van-Ply crossing. Although the Parish agreed to-maintain-any warning mechanisms after their installation, DOTD had the initial responsibility to furnish and install them. The duty to furnish and install an active warning sign or device is obviously different and distinct from the *239 duty to maintain such devices or signs after their installation.
657 So.2d at 992.
In addition, the Archon court noted that discovery and admission of the relevant agreements was not barred by the exclusionary rule of 23 U.S.C. § 409 because the court had relied on documents which were not associated with any federal upgrade program.[1]
14“Since DOTD’s duty was not grounded in the federal highway-aid program, the admissibility or inadmissibility of documents relating to an upgrade project under that program is irrelevant to our ultimate conclusion that DOTD assumed a duty under certain earlier, independent contractual agreements.” Archon v. Union Pacific R.R., supra, at 997.
The supreme court granted rehearing in Archon, but affirmed its prior ruling and made an additional ruling on the extent of the duty assumed by DOTD. Archon v. Union Pacific R.R., 94-2728, 94-2743 (La.7/2/96), 675 So.2d 1055.
In support of the motion in this case DOTD submitted the following documents: (1) an affidavit by a DOTD maintenance engineer stating that Little Farms Avenue at its intersection with the Illinois Central tracks is a roadway in the parish of Jefferson, that Louisiana Highway 3155 ends north of the railroad right-of-way, that the site of the accident was not on a state highway, and that DOTD neither has jurisdiction over nor maintains the location; (2) a copy of its Project Notice Agreement for Railway-Highway Master Agreement with Illinois Central Railroad, dated June 8, 1993 and approved July 26, 1993 by the Federal Highway Administration, for construction of two 36-foot minimum concrete grade crossings at the Little Farms Avenue crossing, including an agreement to install two automatic flashing light signals with gates and bells and two additional flashing signal units; (3) an unsigned, unnotarized affidavit by a DOTD rail/highway safety engineer that at the time of the decedent’s accident on August 28, U1993, federal monies were approved for construction of the grade crossing and flashing signal units at Little Farms Avenue under the Federal Railroad Safety Program; and (4) a letter dated July 30, 1993 from that same DOTD engineer to Illinois Central Railroad authorizing the railroad to begin work under the project.
In opposition plaintiffs filed the following documents, among others: (1) excerpts from the trial testimony of the DOTD agreements engineer, 'in a case arising from an unrelated accident at the same crossing; and (2) a copy of “Statewide Railway-Highway Master Agreement between State of Louisiana Department of Highways and Illinois Central Gulf Railroad Company, revised 2/12/76.”
It is undisputed that the decedent approached the railroad crossing from the parish-road portion of Little Farms Avenue. It is also undisputed that Louisiana Highway 3155 ends north of the railroad right-of-way. However, neither DOTD in its motion, nor the trial court in its ruling, addressed the effect of the contractual agreements between the State and the railroad for maintenance and upgrade of railroad crossings. DOTD’s only attempt to rebut the Archon case was in the district court’s hearing on the motion for partial summary judgment, when counsel for DOTD stated she did not feel Archon applied in this case because of differences in the configuration of the railway crossing between the Archon case and this case.
*240 The record and exhibits before the court on the motion for summary judgment indicate that DOTD assumed responsibility for upgrading the crossing in question and that the upgrade had not been completed when the accident occurred. Based on those facts it appears that DOTD may have liability. Accordingly, summary judgment was improper.[2]
|6We do not address DOTD’s arguments concerning federal law because the trial court failed to address those issues and DOTD neither appealed nor answered- the appeal.
For the foregoing reasons, the partial summary judgment in favor of the State of Louisiana through the Department of Transportation and Development is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. 23 U.S.C. § 409 provides:
Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifyingf,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
"Despite the State’s substantial interest, Sec. 409’s explicit preemptive language overrides conflicting state law by virtue of the Supremacy Clause. * * * Section 409 controls. * * * Since preemption is never presumed, Sec. 409 must be construed restrictively to prohibit only what is expressly proscribed.” Wiedeman v. Dixie Elec. Membership Corp., 627 So.2d 170, 172 (La.1993).

. We note, as mentioned in plaintiff-appellant’s brief, that this site has been the location of other train-automobile accidents which have been litigated before this court. In Healy v. National Railroad Corporation, 613 So.2d 1117 (La.App. 5 Cir.1993), writ denied, 616 So.2d 709 (La.1993), this court found no manifest error in a jury’s verdict finding no negligence on the part of DOTD for failure to install a gate at this crossing. We concluded the cause-in-fact of the collision was the motorist’s failure to see the oncoming train or heed the train’s activated warning signals. In Keiser v. Illinois Central Gulf Railroad Company, 550 So.2d 951 (La.App. 5 Cir.1989), writ denied, 553 So.2d 474 (La.1989), we affirmed a trial judge’s finding that the railroad was not at fault in the accident, which we found attributable solely to the motorist's negligence in failing to heed the flashing signal lights at the crossing.