750 So.2d 498 (2000)
Robert DOWELL, Sr., et al., Plaintiffs-Applicants,
v.
STATE of Louisiana through DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, et al., Defendants-Respondents.
Debra Marie Bell on Behalf of the Estate of her minor child, Devon Dowell-Thomas, Plaintiffs-Applicants,
v.
Plaquemine Contracting Corp., et al., Defendants-Respondents.
Nos. 33094-CW, 33095-CW.
Court of Appeal of Louisiana, Second Circuit.
February 1, 2000.
*499 Morrow, Morrow, Ryan & Bassett by Jeffrey M. Bassett, P. Craig Morrow, Jr., Opelousas, Counsel for Plaintiffs/Applicants, Robert Dowell, Sr., et al.
Joseph Greenwald, Shreveport, Counsel for Plaintiff/Applicant, Debra Marie Bell.
Richard P. Ieyoub, Attorney General, James R. Dawson, Assistant Attorney General, Counsel for Defendant/Respondent, State, DOTD.
Abrams & Lafargue by Julie M. La-Fargue, T. Clayton Simmons, Shreveport, Counsel for Defendant/Respondent, City of Shreveport.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, Counsel for Defendant, Plaquemine Contracting.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Shreveport, Counsel for Defendant, S.J. Entertainment, d/b/a Hamel's Amusement Park.
Atkinson, Perry, Atkinson & Balhoff by Joseph W. Mengis, John W. Perry, Jr., Baton Rouge, Counsel for Defendant, Construction Safety Products.
Before BROWN, WILLIAMS and GASKINS, JJ.
BROWN, J.,
In this action for damages arising out of a vehicular accident which occurred at a construction site, the trial court granted protective orders limiting plaintiffs' discovery efforts. At plaintiffs' request, we agreed to review that decision under our supervisory power. The question is whether the prohibition found in 23 U.S.C. § 409 against disclosure or use of information gathered to evaluate potential highway accident sites and hazardous roadways bars: 1) deposing witnesses who were either involved in prior accidents at the same location or who complained about the intersection; 2) the production of correspondence relating to the intersection; and 3) daily construction diaries and inspection reports. While recognizing that section 409 preempts state law, we find that most of the excluded discovery did not fall within the scope of the federal bar or privilege. We reverse in part and remand the matter for further proceedings consistent with this opinion.

Facts
This action arises out of an automobile accident which occurred on July 11, 1997 at the intersection of Hamel's Park Drive and East 70th Street in Shreveport, Louisiana. At that time, construction was in progress to upgrade or make safer the intersection. On the evening of July 11th, 20-year-old Robert Dowell, Jr., and his 16-year-old sister, Devon Dowell-Thomas, were leaving Hamel's Amusement Park where they were employed for the summer. Robert was driving and as his vehicle entered the intersection, it was struck by an oncoming automobile driven by Robby McGee. Both Robert and his sister were killed as a result of the accident.[1] Wrongful death and survival actions were brought against defendants[2] by surviving *500 family members.[3] Plaintiffs alleged that the negligent placement of signs and construction barrels and/or barricades was a cause of the accident. Following the Dowell accident, at the request of the City of Shreveport, the construction project was changed to move the intersection further west.
In discovery, plaintiffs submitted various interrogatories, requests for production of documents and notices of depositions. Because federal funds were used in the construction project, both the State and the City sought protective orders under 23 U.S.C. § 409, which prohibits the discovery and admissibility of certain documents and information compiled and collected for the purpose of developing projects to improve highway safety.

Applicable Legal Principles
Under Louisiana law, parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter of the action. La. C.C.P. art. 1422; Long v. State, Department of Transportation and Development, 32,124 (La.App.2d Cir.08/18/99), 743 So.2d 743, writ denied, 99-2956 (La.12/17/99), 751 So.2d 885. Furthermore, evidence which is relevant is generally admissible. La. C.E. art. 402. With regard to certain highway safety information, however, Louisiana's law is preempted by federal law. Wiedeman v. Dixie Electric Membership Corp., 627 So.2d 170 (La.1993); Long, supra. Noting that preemption is never presumed, the supreme court in Wiedeman, supra at 172, emphasized that the applicable federal provisions would be construed restrictively to prohibit only what is expressly proscribed.
Section 409 forms part of a comprehensive federal plan to promote highway and railway safety. Wiedeman, supra. Although there is very little legislative history regarding 23 U.S.C. § 409, courts have surmised that section 409 was enacted to encourage candid evaluation and correction of highway and railway safety hazards by shielding the process from the roving eyes of tort litigants. As noted by the supreme court in Reichert v. State, Department of Transporation and Development, 96-1419 (La.05/20/97), 694 So.2d 193, 197, by enacting section 409, Congress intended to "[f]oster the free flow of safety-related information by precluding the possibility that such information later would be admissible in civil suits. The interest to be served by such legislation is to obtain information with regard to the safety of roadways free from the fear of future tort actions." (Citations omitted).
In addition, the statute has been considered to prohibit federally required record-keeping from being used as a tool in private litigation. See Palacios v. Louisiana and Delta R.R. Inc., 98-2932 (La.07/02/99), 740 So.2d 95, 98.
In its present form, 23 U.S.C. § 409 provides that:
Notwithstanding any other provision of law, reports, surveys, schedules, lists or data compiled or collected for the purpose of identifying, evaluating or planning the safety enhancement of potential accident sites, hazardous roadway conditions or railway-highway crossings, pursuant to sections 130, 144 and 152 of the title or for the purpose of developing any highway safety construction improvement project which may be implemented using Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceedings or considered for other purposes in any action for *501 damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists or data. (As amended Nov. 28, 1995, P.L. 104-59, Title III, § 323, 109 Stat. 591).[4]
In Reichert, supra at 197, the Louisiana Supreme Court held that section 409 bars discovery and introduction into evidence of all highway safety information collected or compiled by the State for the purpose of obtaining federal funds to enforce safety. The scope of the privilege afforded by this statute was most recently addressed by the supreme court in Palacios, supra.[5] In Palacios, the court held that to be protected by section 409, the information in question must be:
(1) reports, surveys, schedules, lists or data,
(2) compiled or collected,
(3) for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings,
(4) pursuant to sections 130, 144 and 152 of the title or for the purpose of developing any highway safety construction improvement project which may be implemented using Federal-aid highway funds.
The court in Palacios went on to note that not all documents and information in the state's possession are privileged under § 409. It is only those records that are amassed pursuant to the federal programs described in 23 U.S.C. §§ 130, 144 and 152 or for the purpose of developing other highway safety improvement projects which may be federally funded that are protected. As stated by the court:
The plaintiff is at liberty to investigate, examine and present other relevant evidence, so long as such evidence was not compiled or collected for purposes of federal highway improvement programs. Moreover, our ruling does not preclude the testimony of experts, eyewitnesses, or others, so long as that testimony is not based upon privileged documents or information. As this court previously noted in Reichert, the plaintiff has not been deprived of her cause of actionshe "merely cannot rely upon the DOTD for [her] discovery." (Emphasis added).
Palacios, 740 So.2d at 102.

Analysis
With the above legal precepts in mind, we will examine the trial court's ruling, addressing respectively plaintiffs' specific assignments of error.

Accident Reports
According to plaintiffs, the trial court's ruling erroneously prohibited them from deposing individuals who were involved in or who investigated several accidents which, like the Dowell accident, occurred at or near the intersection while construction was in progress. Plaintiffs concede that they became aware of the identity of these individuals from copies of accident reports they obtained from the Shreveport Police Department.
*502 Defendants, on the other hand, assert that because plaintiffs learned of the identity of these persons from accident reports, which they contend are within the protective scope of 23 U.S.C. § 409, plaintiffs are prohibited from deposing these individuals. They further claim that these accidents, as well as the Dowell accident, were considered in their decision to revise the planned construction project by moving the intersection further west.
The logical conclusion of defendants' argument is that the investigating officers and witnesses to these accidents, including the Dowell accident, could not be deposed or allowed to testify at trial. Such a result would be absurd.
We point out that plaintiffs are seeking neither to discover from defendants nor introduce into evidence such reports. Instead, they are simply trying to depose individuals, witnesses and officers about accidents at or near the location of the Dowell accident to determine whether they are similar enough to be considered relevant.
Under Louisiana law these depositions are proper. Where an intrusion into an area traditionally left to the states occurs, Congress's intent to preempt must be clear. As noted by the supreme court in Wiedeman, supra, because preemption of state law is never presumed, section 409 will be construed and applied restrictively to prohibit only what is specifically proscribed. In Palacios, supra, the court held that testimony not based on privileged documents but on personal observation is not precluded. Clearly, plaintiffs are not relying on DOTD or the City for their discovery. See Palacios, supra at 107.
Having found no legal basis for extending the scope of § 409 to prevent plaintiffs from deposing individuals who were involved in, witnessed or investigated other accidents which occurred at or near the site of the Dowell accident, we thus reverse that portion of the trial court's order prohibiting such discovery.

Correspondence
Plaintiffs' second assignment of error is that the trial court erred in prohibiting them from taking the depositions of authors of correspondence between the City and DOTD, as well as letters written by concerned citizens to these governmental entities over the past ten years. Plaintiffs also seek to introduce copies of these letters which they obtained from sources other than defendants.
As noted above, § 409 precludes from discovery and admission into evidence any report, survey, schedule, list or data collected or compiled for developing any highway safety construction improvement which may be implemented or supported with federal funds. Correspondence between the DOTD and the City as well as letters received by these agencies are such data and therefore are neither discoverable nor admissible. Reichert, supra; Fry v. Southern Pacific Transportation Co., 30,540 (La.App.2d Cir.06/24/98), 715 So.2d 632; Miller v. Bailey, 621 So.2d 1174 (La. App. 3d Cir.1993); Rodenbeck v. Norfolk & Western Railway Co., 982 F.Supp. 620 (N.D.Ind.1997).
Likewise, testimony from government employees regarding such correspondence is barred by section 409; however, citizens who have personal knowledge concerning relevant events may be deposed even though they may have written these agencies concerning the safety of this intersection. See Palacios, supra.

Inspection Reports and Construction Diaries
Finally, plaintiffs take issue with that part of the trial court's ruling regarding inspection reports and construction diaries which purportedly show the daily placement of barrels and/or barricades at the intersection during construction.
In their petitions, plaintiffs allege that the accident was caused by negligent management or mismanagement of traffic during construction. In particular, that the *503 placement of signs and the configuration of construction barrels and/or barricades created a visual obstruction for Robert Dowell, Jr., who was unable to see oncoming traffic without pulling his vehicle into the intersection. Therefore, evidence regarding the placement, positioning and movement of the barrels and/or barricades is critical to plaintiffs' ability to prove that these barriers were improperly or negligently employed.
We agree with plaintiffs that these documents, which did not even come into existence until after federal funding had been obtained and the project had begun, are not protected from discovery by 23 U.S.C. § 409. Quite simply, inspection reports and construction diaries maintained by non-governmental defendants during an ongoing project do not meet the statute's requirement of information which is compiled or collected for any of the purposes set forth in section 409. The trial court erred in finding otherwise.

Conclusion
For the reasons set forth above, we find that the trial court was correct in granting defendants' motions for protective order regarding correspondence to and from the City and the State, as well as letters written by concerned citizens to these government defendants based upon the finding that these documents are privileged under 23 U.S.C. § 409. That portion of the trial court's judgment is AFFIRMED.
We find error, however, that part of the judgment prohibiting plaintiffs from deposing individuals with personal knowledge (which may include citizens who have written letters to defendants) or experts whose views are based on unprivileged documents or information. We further find error in the prohibition of the taking of depositions of persons involved in prior accidents at the site of the Dowell accident and the protection of documents regarding the placement of construction barricades and/or barrels at the site of the accident. Thus, that part of the trial court's judgment is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.
NOTES
[1] Robert died eight months afterwards from injuries received in the accident. His sister Devon was pronounced dead on arrival at the LSU Medical Center.
[2] Named as defendants were Plaquemine Contracting Company, the project's general contractor; Construction Safety Products, a subcontractor responsible for the placement of barrels and signs during construction; S.J. Entertainment, the operator of Hamel's Park; the State of Louisiana through the Department of Transportation and Development; and, the City of Shreveport.
[3] Robert's mother, Brenda Dowell Mayweather, and Robert Dowell, Sr., as the parent of both Robert and Devon and on behalf of Robert's young child brought an action. Debra Marie Bell filed an action on behalf of her minor child, Devon. The cases were consolidated.
[4] As originally written, § 409 prevented only the admission into evidence of the documents and data specifically described in the statute. In 1991, the statute was amended to preclude also the discovery of such information. Pub.L. 102-240, Title I, § 1035(a), Dec. 18, 1991, 105 Stat. 1978. Section 409 was amended again in 1995 to extend the privilege to data "collected" as well as "compiled." Pub.L. 104-59, Title III, § 323, Nov. 29, 1995, 109 Stat. 591.
[5] The matter before the court in Palacios, supra, involved an accident at a railway crossing; therefore, the court's discussion focused on that portion of § 409 dealing with 23 U.S.C. § 130, the Railway-Highway Crossing Program. Nonetheless, the four-part analysis employed by the court in Palacios merely tracks the language of section 409 and is therefore applicable to sections 144 and 152, which concern the Highway Bridge Replacement and Rehabilitation Program and the Highway Hazard Elimination Program, as well as to the latter portion of the statute which protects data assembled for highway safety construction improvement projects which utilize federal funds.